# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EVANS COSTNER, III,

        Defendant-Appellant.

FOR PUBLICATION
February 19, 2015
9:00 a.m.

No. 316806
Berrien Circuit Court
LC No. 2009-004980-FH

Before: BOONSTRA, P.J., and DONOFRIO, J. and GLEICHER, JJ.

DONOFRIO, J.

Defendant appeals by leave granted an order denying his motion to be removed from Michigan's sex-offender registry. Because defendant was more than four years older than the victim in this case and because requiring him to register as a sex offender was not cruel or unusual punishment, we affirm.

Defendant pleaded guilty to attempted third-degree criminal sexual conduct (victim at least 13 but under 16 years of age), MCL 750.520d(1)(a). Defendant's conviction arises from a consensual act of sexual intercourse engaged in when he was 18 years of age and the victim was 14 years of age. With defendant being born on February 21, 1991, and the victim being born on March 16, 1995, the age difference between the two of them is 4 years and 23 days. Defendant was sentenced on December 14, 2009, to a probationary sentence of 36 months under the Holmes Youthful Trainee Act (HYTA), MCL 762.14.

On March 2, 2010, defendant pleaded guilty to violating the terms of his probation by using marijuana and possessing drug paraphernalia. The trial court sentenced defendant on the probation violation to 13 days in jail and continued both defendant's probation and HYTA status. Defendant was also ordered to successfully participate in and complete the Kalamazoo Probation Enhancement Program (KPEP).

On March 16, 2010, defendant pleaded guilty to violating the terms of his probation by breaking his curfew and by going AWOL from the KPEP. The trial court revoked defendant's HYTA status and ordered him to comply with the Sex Offender Registration Act (SORA), MCL 28.721 *et seq*. The trial court further sentenced defendant to 60 days in jail and ordered him to return to and complete KPEP once the jail term was served. Defendant's probation was continued.

On January 25, 2011, defendant, yet again, pleaded guilty to violating the terms of his probation, this time for having contact with, or attempting to have contact with, a female under the age of 17. The trial court revoked defendant's probation and sentenced defend to six months in jail.

Defendant subsequently petitioned to be removed from the sex-offender registry pursuant to MCL 28.728c(14), which provides, in pertinent part, as follows:

> The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:
>
> (a) All of the following:
>
> (*i*) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.
>
> (*ii*) The petitioner was not more than 4 years older than the victim.

Defendant argued that because there is only a four-year difference between him and the victim's age, he necessarily was "not more than 4 years older" than her. Defendant relied on MCL 8.3j, which defined "year" as "a calendar year."

The trial court denied defendant's petition and stated in its opinion:

> This Court is not convinced that the term "year" as defined by MCL 8.3j is the answer to the time computation in this statute, because the statute in issue requires the petitioner (i.e. defendant) to be "not more than 4 years older than the victim." The phrase "not more than" limits the definition of the word "year". Therefore, because this Defendant is 23 days older than the 4 years required under the Statute, I find that he does not meet the requirements set forth in MCL 27.728c and MCL 8.3j is not violated by this interpretation. [Footnote omitted.]

## I. MCL 28.728c(14)

Defendant first argues on appeal that the trial court erred when it denied his petition because under Michigan law, defendant was not more than four years older than the victim. We review issues of statutory interpretation de novo. *People v Zajaczkowski*, 493 Mich 6, 12; 825 NW2d 554 (2012).

"[T]he intent of the Legislature governs the interpretation of legislatively enacted statutes." *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012). The intent of the Legislature is expressed in the statute's plain language. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). When the statutory language is plain and unambiguous, the Legislature's intent is clearly expressed, and judicial construction is neither permitted nor required. *Id.* In

construing statutes, this Court applies a reasonable construction of the statute, enforces clear statutory language as written, and reconciles any apparent inconsistencies if possible. *People v Bulger*, 291 Mich App 1, 5; 804 NW2d 341 (2010). If a statute specifically defines a term, the statutory definition is controlling. *People v Williams*, 298 Mich App 121, 126; 825 NW2d 671 (2012). When "terms are not expressly defined anywhere in the statute, they must be interpreted on the basis of their ordinary meaning and the context in which they are used." *Zajaczkowski*, 493 Mich at 13. However, technical words and phrases that have acquired a peculiar and appropriate meaning in law shall be construed and interpreted in accordance with that meaning. See MCL 8.3a; *Bylsma*, 493 Mich at 31. Moreover, it is presumed that the Legislature is familiar with the rules of statutory construction and that the Legislature is "aware of, and thus to have considered the effect on, all existing statutes when enacting new laws." *People v Kosik*, 303 Mich App 146, 158; 841 NW2d 906 (2013) (citation omitted, quotation omitted).

A 2011 amendment to the SORA allows an individual to petition the court for removal from the sex-offender registry. Amongst its provisions, MCL 28.728c(14) allows for an individual to be removed from the sex-offender registry if the underlying conviction involved an act of consensual sex during a so-called "Romeo and Juliet" relationship, which provides, in relevant part:

> The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:
>
> (a)     All of the following:
>
> (*i*)     The victim was 13 years of age or older but less than 16 years at the time of the offense.
>
> (*ii*)     The petitioner is not more than 4 years older than the victim.

The parties did not dispute that the sexual act for which defendant was convicted was consensual. It was likewise undisputed that the victim "was 13 years of age or older but less than 16 years at the time of the offense." Thus, the parties' arguments were focused on the statutory requirement of whether defendant satisfied MCL 28.728c(14)(a)(*ii*) by being "not more than 4 years older than the victim." Defendant argued that he was eligible for removal from the registry under that subsection because, with him being 18 and the victim being 14, there only was four-year age difference. The prosecution argued that because defendant was actually four years and 23 days older than the victim, he did not meet the requirements of MCL 28.728c(14)(a)(*ii*). In denying defendant's petition, the trial court concluded that because defendant was "23 days older than the 4 years required" pursuant to MCL 28.728c(14)(a)(*ii*), he was not entitled to any relief.

There is no dispute that defendant actually is 4 years and 23 days older than the victim. Thus, on its face, defendant is *more* than four years older than the victim, and he cannot satisfy the requirements of MCL 28.728c(14)(a)(*ii*). Defendant, however, argues that this Court's implementation of the "birthday rule" in *People v Woolfolk*, 304 Mich App 450; 848 NW2d 169

(2014), supports his position that he was only four years—and thus was not *more* than four years—older than the victim.

In *Woolfolk*, this Court was confronted with whether the defendant, who was convicted for committing a murder on the evening before his 18th birthday, *id.* at 458, should nonetheless be considered 18 years old at the time of the murder. As the Court acknowledged, contrary to common assumption or understanding, when computing a person's age, common law provides that a person "'reaches his next year in age at the first moment of the day *prior* to the anniversary date of his birth.'" *Id.* at 461, quoting *Nelson v Sandkamp*, 227 Minn 177, 179; 34 NW2d 640 (1948) (emphasis added). For example, under the common law, a person is considered to turn 18 years old the day *before* the 18th anniversary of his birth.

The Court, however, rejected the common law method of determining when a person reaches a certain age and, instead, adopted the more commonly recognized method under the "birthday rule," where "a person attains a given age on the anniversary date of his or her birth." *Woolfolk*, 304 Mich App at 464, 504 (quotation marks omitted).

Defendant's reliance on *Woolfolk* is misplaced. *Woolfolk* only pertained to the proper method to calculate a person's age. More specifically, it addressed *when* a person attains the next age of his or her life. This concept has no application to the present issue. There is no question that in the present case, at the time of the offense, defendant and the victim had *attained* the ages of 18 and 14, respectively. Nothing in *Woolfolk* suggests that when determining whether someone is "more than 4 years older" than someone else, one simply takes the difference between both persons' "year" age, thereby ignoring the persons' actual age, which includes not only how many years they have been alive, but also how many months and days. In fact, *Woolfolk* even relied on *Bay Trust Co v Agricultural Life Ins Co*, 279 Mich 248; 271 NW 749 (1937), in which our Supreme Court, in the context of an insurance policy provision, held that a person who was 60 years, 2 months, and 10 days old was "over the age of 60 years." *Woolfolk*, 304 Mich App at 498-499. The Supreme Court noted that "a year is a unit of time" and that the deceased had lived "over, beyond, above, or in excess" of 60 years. *Bay Trust Co*, 279 Mich at 252. Likewise, defendant, being 4 years and 23 days older than the victim was indeed "more than 4 years older than the victim."

We find support for our view in other jurisdictions as well. In *State v Marcel*, 67 So3d 1223 (Fla App, 2011), the Florida appellate court was confronted with the same issue and contained facts that are remarkably similar to the facts in the instant case. In *Marcel*, the defendant was 18 and the victim was 14 at the time of the offense; defendant was designated a sexual offender and subjected to reporting requirements based on his plea to a sex crime requiring lifetime registration under Florida's SORA. *Id.* at 1224. The defendant later filed a petition seeking relief under Florida's "Romeo and Juliet Law," Fla Stat § 943.04354(1)(c) (2007), which provided an exception to sex-offender registration for consensual conduct by young people. *Id.* One of the criteria for relief under the Florida statute is that the defendant be "not more than [four] years older than the victim of th[e] violation who was [fourteen] years of age or older but not more than [seventeen] years of age at the time the person committed th[e] violation." *Id.* (quotation marks omitted).

The *Marcel* court rejected the defendant's argument that application of the "birthday rule" resulted in him being no more than four years older than the victim because the difference was only four years (18 minus 14). *Id.* Instead, according to the court, the birthday rule is only used to compute a person's age—it is not used in the calculation of time, which is what is called for in the statute. *Id.* Therefore, as long as a defendant is one day past the four-year eligibility limit prescribed by Florida statute, he is ineligible to petition for relief. *Id.* at 1225.

In *State v Parmley*, 325 Wis 2d 769; 785 NW2d 655 (Wis App, 2010), the Wisconsin Court of Appeals also recently construed its SORA's Romeo and Juliet exception. Like *Marcel* and the instant case, the facts of *Parmley* involved a defendant who was 18 and a victim who was 14 at the time of the offense. *Id.* at 772. After his conviction for second-degree sexual assault of a child, the defendant filed a petition seeking removal from Wisconsin's sex-offender registration pursuant to Wis Stat § 301.45(1m) (2007-08), which, like the Michigan and Florida statutes, requires the defendant to be "not more than 4 years older" than the victim. *Id.* at 775. The trial court granted the request because, when looking only at the "year" ages of the defendant and the victim, there was only a four-year difference. *Id.* at 774. On appeal, the *Parmley* court reversed the trial court and concluded that

> to calculate the disparity of ages required in Wis Stat § 301.45(1m)(a)2., to determine if an actor is exempt from registering as a sex offender, the time between the birth dates of the two parties is to be determined. Using this method we first consider [the defendant's] birthday of January 18, 1986, and then the victim's birthday of June 9, 1990. We conclude that there is a difference of four years, four months and twenty-three days. Therefore, [the defendant] is more than four years older than the victim. [*Id.* at 781.]

Defendant, on appeal, argues that these other cases are not persuasive because Michigan has a statutory definition for the term "years." MCL 8.3j provides that the word "year" means "a calendar year; and the word 'year' alone shall be equivalent to the words 'year of our Lord.'" A "calendar year" is further defined as "[t]welve calendar months beginning January 1 and ending December 31." *Black's Law Dictionary* (9th ed).

Defendant maintains that the definition of the word "year" as a "calendar year" should be used for both calculating a length of time and age. Because defendant's position is untenable, we reject it. First, we note that the definitions provided in MCL 8.3j are to be used "unless such construction would be inconsistent with the manifest intent of the legislature." MCL 8.3. Here, with the definition referencing a "calendar year" and "year of our Lord," it is clear that these definitions are only appropriate when referencing a *particular date/year*, not a *unit or measure of time*. Therefore, because MCL 28.728c(14)(a)(*ii*) calls for the calculation of time, the definition

provided in MCL 8.3j would be inconsistent with the manifest intent of the legislature, and we will not use it.[1]

To illustrate how such a definition creates such an absurd result that it clearly violates the Legislature's intent, consider that under defendant's view, MCL 28.728c(14)(a)(*ii*) would mean the following:  "The petitioner is not more than 4 *calendar years* older than the victim." Defendant argues that this definition means that any fraction of a year is simply truncated when determining whether someone is four years older than someone else, thereby implying that a calendar year is *any* 12-month period.[2]  Hence, defendant claims that he is only four years older than the victim.  But defendant is not using the definition he urges this Court to adopt.  A calendar year relates to a *specific* 12-month period (January through December) occurring in the same numerical year.  See *Black's Law Dictionary* (9th ed).  Thus, going by the strict letter of the definition in MCL 8.3j, we first note that defendant was born on February 21, 1991, and the victim was born on March 16, 1995.  Using the "calendar year" definition, there would be only three complete January-to-December periods between when the two were born (1992, 1993, and 1994).  Thus, defendant would only be three "years" older than the victim.  Such an interpretation flies in the face of common sense.  It is manifestly clear that the Legislature did not intend for this extremely awkward (and entirely inaccurate) way to calculate whether someone was more than four years older than someone else.[3]  Therefore, consistent with MCL 8.3, we hold that the definition of MCL 8.3j has no application in MCL 28.728c(14)(a)(*ii*).  See also *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998) ("Statutes should be construed so as to prevent absurd results . . . .").

Instead, we hold that under MCL 28.728c(14)(a)(*ii*), when it inquires into whether a defendant "is not more than 4 years older than the victim," it is using the commonly understood definition of a "year" as a measure of time, and a "year" is commonly understood as being 12 months in duration.  See *Random House Webster's College Dictionary* (1997) (defining "year," in pertinent part, as "a space of 12 calendar months calculated from any point").  Therefore, one who is even one day past the 4-year or 48-month eligibility limit described in MCL 28.728c(14)(a)(*ii*) is ineligible to obtain relief under that statute.  Consequently, defendant being 4 years and 23 days older than the victim in the present case is "more than 4 years older" than the victim, and the trial court was correct to deny defendant's petition.

---

[1] We note that Wisconsin, which has an identical statutory definition of "year" as Michigan, also has held that this definition does not apply when measuring time. *Parmley*, 325 Wis 2d at 776 n 3.

[2] The dissent also applies this definition for "calendar year," but as discussed, this definition is not accurate.

[3] An even more absurd result occurs if one considers the age difference between a defendant born on January 2, 1990, and someone born on December 30, 1995.  In reality, they are only three days shy from being six years apart in age.  But using the "calendar year" definition, the defendant would only be four "years" older because there are only four calendar years between their births (1991, 1992, 1993, 1994).

## II. CRUEL AND UNUSUAL PUNISHMENT

Defendant also argues that subjecting him to registration under the SORA is cruel and unusual punishment, which violates his constitutional rights. Defendant never preserved this issue by raising it at the trial court. *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737 (1997). Therefore, we review this unpreserved constitutional issue for plain error affecting defendant's substantial rights. *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500 (2004).

The United States Constitution prohibits cruel *and* unusual punishment. US Const, Am VIII. The Michigan Constitution prohibits cruel *or* unusual punishment, Const 1963, art 1, § 16, and "[i]f a punishment 'passes muster under the state constitution, then it necessarily passes muster under the federal constitution.'" *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011), quoting *People v Nunez*, 242 Mich App 610, 618-619 n 2; 619 NW2d 550 (2000).

But before determining whether a punishment is cruel or unusual, a "threshold question" must be answered: does the complained-of punishment constitute "punishment" under the constitution? *In re Ayres*, 239 Mich App 8, 14; 608 NW2d 132 (1999). The SORA requires persons convicted of certain listed offenses to register as sex offenders. MCL 28.723. However, this Court has held that this registration requirement is not "punishment." *People v Fonville*, 291 Mich App 363, 381; 804NW2d 878 (2011), citing *People v Golba*, 273 Mich App 603, 617; 729 NW2d 916 (2007).

> Although a defendant may see registration as a penalty for a conviction for a listed offense, it is not actually a punitive measure intended to chastise, deter or discipline an offender. It is merely a "remedial regulatory scheme furthering a legitimate state interest." [*Fonville*, 291 Mich App at 381, quoting *Golba*, 273 Mich App at 617 (other quotation marks and citations omitted).]

Thus, because the SORA registration requirement is not "punishment," the requirement does not constitute cruel and unusual punishment in violation of the Michigan or federal constitutions, *Golba*, 273 Mich App at 617-620, and defendant's unpreserved argument is therefore unavailing. See also *People v Temelkoski*, ___ Mich App ___; ___ NW2d ___ (Docket No. 313670, issued October 21, 2014), slip op, p 16.

In spite of acknowledging the controlling legal authority that registration is not a punitive measure, defendant relies on this Court's decision in *People v Dipiazza*, 286 Mich App 137; 778 NW2d 264 (2009), and argues that the registration requirement, as applied to him, still constitutes cruel or unusual punishment under the Michigan Constitution. However, *Dipiazza* is factually distinguishable from the instant case, and, even if defendant's argument was not precluded by *Fonville* and *Golba*, there is no guidance to be had from it.

In *Fonville*, 291 Mich App at 381-382, this Court aptly summarized *Dipiazza*:

> In *Dipiazza*, this Court held that requiring the defendant in that case to register as a sex offender was cruel or unusual punishment. However, in that case, after the defendant completed probation, his case was dismissed under the terms of [HYTA], leaving him with no conviction on his record. Despite the dismissal of his case, because he was assigned to youthful-trainee status on

August 29, 2004, he continued to remain required to register as a sex offender, whereas after amendments of SORA, a defendant assigned to youthful-trainee status after October 1, 2004, was not required to register (unless the defendant's status of youthful trainee was revoked and an adjudication of guilt was entered). This Court concluded that, under those circumstances, requiring the defendant to register as a sex offender was cruel or unusual punishment. [Citations omitted.]

In the instant case, after defendant was afforded the benefit of HYTA status to induce his compliance with his probationary terms and, more importantly, to avoid a felony conviction and the obligation to register as a sex offender, defendant repeatedly violated his probation. Consequently, unlike the defendant in *Dipiazza*, defendant's HYTA status was revoked, and his conviction was never dismissed. Therefore, the reasoning in *Dipiazza* is not applicable to the instant case, and we perceive no plain error.

Affirmed.

/s/Pat M. Donofrio
/s/ Mark T. Boonstra