# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 14, 2016

Plaintiff-Appellee,

v

No. 323952
Ingham Circuit Court
LC No. 14-000171-FH

WILLARD EUGENE PAYNE,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant, Willard Eugene Payne, was convicted by a jury of perjury, MCL 750.422, and sentenced as a third-offense habitual offender, MCL 769.11, to 57 months to 30 years in prison. He appeals as of right from his September 10, 2014 judgment of sentence. We affirm.

This case arises out of a shooting in which defendant was the intended victim. Law enforcement sought defendant's cooperation as a witness against the shooter, but defendant refused to cooperate. After failing to appear at the shooter's preliminary examination despite being under subpoena, defendant was arrested pursuant to a bench warrant. At the rescheduled preliminary examination, defendant denied being present at the shooting. He was thereafter charged with and convicted of perjury, MCL 750.422.

On appeal, defendant's sole argument is that his sentence violates the constitutional prohibitions against cruel and unusual punishment, US Const, Am VIII, and cruel or unusual punishment, Const 1963, art 1, § 16. Defendant did not raise this issue before the trial court. Thus, it is unpreserved. *People v Costner*, 309 Mich App 220, 232; 870 NW2d 582 (2015). Unpreserved constitutional issues are reviewed for plain error affecting a defendant's substantial rights. *Id.* "Plain error affects a defendant's substantial rights when it affects the outcome of the proceedings." *People v Ackah-Essien*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 317411); slip op at 4, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The United States Constitution prohibits cruel *and* unusual punishment. US Const, Am VIII. The Michigan Constitution prohibits cruel *or* unusual punishment, Const 1963, art 1, § 16, and "[i]f a punishment 'passes muster under the state constitution, then it necessarily passes muster under the federal constitution.'" *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011),

-1-

quoting *People v Nunez*, 242 Mich App 610, 618-619 n 2; 619 NW2d 916 (2007). [*Costner*, 309 Mich App at 232 (emphasis by *Benton* Court).]

"In determining whether a sentence is cruel or unusual we look to the gravity of the offense and the harshness of the penalty, comparing the penalty to those imposed for other crimes in this state as well as the penalty imposed for the same offense by other states and considering the goal of rehabilitation." *People v Poole*, 218 Mich App 702, 715; 555 NW2d 485 (1996).

In *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318329); slip op at 24, this Court held "that a sentence that fulfills the principle of proportionality under [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)] and its progeny constitutes a reasonable sentence under [*People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)]." Under *Milbourn* and its progeny, a sentence falling within the minimum range specified by the advisory judicial guidelines was presumptively proportionate. *People v Kennebrew*, 220 Mich App 601, 609; 560 NW2d 354 (1996) ("As a general rule, a sentence that falls within the guidelines' range is presumed to be neither excessive nor disparate."); *People v Dukes*, 189 Mich App 262, 266; 471 NW2d 651 (1991) ("*Milbourn* left intact the Court's prior observation, in *People v Broden*, 428 Mich 343, 354; 408 NW2d 789 (1987), that sentences falling within the recommended guidelines range are presumptively not excessively severe or unfairly disparate."). Further, as noted in *People v Williams (After Remand)*, 198 Mich App 537, 543; 499 NW2d 404 (1993), citing *People v Bullock*, 440 Mich 15, 40-41; 485 NW2d 866 (1992), where "sentences are not disproportionate in relation to the crimes, they are therefore not cruel or unusual."

In this case, defendant acknowledges that his sentence is within the appropriate sentencing guidelines range and, therefore, presumptively proportionate. Further, defendant has failed to set forth a meritorious argument that would render the presumptively proportionate sentence disproportionate. See *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (concluding that the defendant had not cited "unusual circumstances that would overcome" the presumption of proportionality). Defendant claims that in deciding his sentence, the trial court impermissibly "focused" on a suggestive jailhouse telephone conversation between defendant and a woman other than his pregnant fiancée. The trial court did note the fact that defendant, despite purporting to be a "family man," had discussed engaging in sexual relations with this other woman upon his release. However, the trial court considered much more than this telephone conversation. For example, it considered the fact that defendant was not "a candidate for probation," explaining how, despite having incarceration "hung over [his] head so that [he]'d tell the truth," defendant deliberately lied under oath. The trial court also considered the fact that defendant remained involved in criminal activity despite having two prior felony convictions and having been incarcerated and on probation and parole. Furthermore, the trial court recognized that defendant has continually failed to tell the truth. It is also important to recognize that defendant's argument does not take into account the gravity of the underlying offense. Defendant was convicted by a jury of perjury after failing to tell the truth under oath in the preliminary examination of an individual with whom, according to several witnesses, he has a history of violent confrontation, which resulted in the shooting of an innocent bystander in the underlying offense.

Additionally, defendant has failed to provide any argument or evidence demonstrating that his sentence is constitutionally deficient in comparison to the penalties imposed for other crimes in this state or for the same crimes in other states, *Poole*, 218 Mich App at 715, and this Court need not do so for him, *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). In any event, the sentence in this case is similar to that imposed for like crimes in Michigan, see, e.g., *People v Ramos*, 430 Mich 544, 546; 424 NW2d 509 (1988) (imposing a ten-to-fifteen-year prison sentence for a perjury conviction, although that conviction was reversed based on the trial court's failure to administer an oath); *People v Peña*, 224 Mich App 650, 652; 569 NW2d 871 (1997), mod in part, remanded in part, lv den in part on other grounds 457 Mich 885 (1998) (imposing a two-to-five-year sentence for obstruction of justice as a non-habitual offender), as well as perjury in other states, see, e.g., *State v Crawford*, 164 Wash App 617, 620; 267 P3d 365 (2011) (imposing a 62-month sentence for a perjury plea-based conviction); *State v LaRoche*, 883 A2d 1151, 1157 (2005) (imposing a 10-year sentence for a perjury plea-based conviction); *Mosley v State*, 820 So2d 395, 396 (2002) (imposing a five-year sentence for a perjury conviction).

Accordingly, because defendant has failed to establish that the presumptively proportionate sentence was disproportionate, *Daniel*, 207 Mich App at 54, he has failed to establish that the sentence imposed violated the constitutional prohibitions against cruel and unusual punishment, US Const, Am VIII, and cruel or unusual punishment, Const 1963, art 1, § 16.

Affirmed.


/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien