COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff-Appellee,

v

THOMAS JAMES LUNDY,

                Defendant-Appellant.

UNPUBLISHED
June 23, 2016

No. 325985
Oakland Circuit Court
LC No. 10-233240-FC

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Defendant, Thomas James Lundy, was convicted by a jury of one count of first-degree home invasion, MCL 750.110a(2), and two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(c). He was originally sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 47 to 75 years. Defendant appealed, and this Court remanded for resentencing due to an incorrectly scored offense variable. *People v Lundy*, unpublished opinion per curiam of the Court of Appeals, issued February 25, 2014 (Docket No. 309114). On remand, defendant was resentenced to concurrent prison terms of 37-and-a-half to 60 years for the CSC I convictions and a consecutive prison term of nine-and-a-half to 60 years for the first-degree home invasion conviction. Due to a clerical error, defendant was resentenced again on January 12, 2015. This time, he was sentenced to concurrent prison terms of 37 to 60 years for the CSC I convictions and a consecutive prison term of 10 to 60 years for the first-degree home invasion conviction. He now appeals as of right the January 12, 2015 amended judgment of sentence. We affirm.

The sole issue raised by defendant on appeal is that the consecutive nature of his sentences violates the principle of proportionality and constitutes cruel and unusual punishment. We disagree. Because defendant did not argue that his sentences violated the principle of proportionality or constituted cruel and unusual punishment before the trial court, this argument is unpreserved for appellate review. *People v Costner*, 309 Mich App 220, 232; 870 NW2d 582 (2015). Unpreserved constitutional issues are reviewed for plain error affecting a defendant's substantial rights. *Id.* "Plain error affects a defendant's substantial rights when it affects the outcome of the proceedings." *People v Ackah-Essien,* 311 Mich App 13, 21-22; 874 NW2d 172 (2015), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The principle of proportionality requires that "sentences imposed by the trial court be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990); see also *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 24. A sentence that falls within the range calculated under the sentencing guidelines is presumed to be proportionate, and, generally, a proportionate sentence is not cruel or unusual. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). While "concurrent sentencing is the norm" in Michigan, consecutive sentencing is permissible if specifically authorized by statute. *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). Pursuant to MCL 750.520b(3), courts, in their discretion, may impose a sentence for a CSC I conviction consecutive to a sentence imposed for another criminal offense arising from the same transaction. In determining whether a sentence is proportional, courts measure the individual sentence, not the cumulative length of multiple sentences, and "where a defendant receives consecutive sentences and neither sentence exceeds the maximum punishment allowed, the aggregate of the sentences will not be disproportionate . . . ." *People v Miles*, 454 Mich 90, 95; 559 NW2d 299 (1997).

In this case, because defendant's argument on appeal only challenges the consecutive nature of his sentences, all of which do not exceed the maximum punishment allowed, the aggregate of the sentences is not disproportionate. *Miles*, 454 Mich at 95. It is undisputed that the trial court was able, in its discretion, to sentence defendant to consecutive prison terms. MCL 750.520b(3). It is equally undisputed that the sentences imposed are within the appropriate guideline range, and, thus, they are presumptively proportionate. *Powell*, 278 Mich App at 323. In an attempt to overcome this presumption, defendant relies on his age, 32 years old, and the fact that he has received supplemental security income (SSI) benefits in the past. First, as our Supreme Court has recognized before, courts are not required to consider a defendant's age in determining whether a sentence is disproportionate. *People v Lemons*, 454 Mich 234, 258-259; 562 NW2d 447 (1997). "Furthermore, defendant's age is insufficient to overcome the presumption proportionality of his sentences, especially considering his lengthy criminal record and the gravity of his offenses." *People v Bowling*, 299 Mich App 552, 558-559; 830 NW2d 800 (2013). As it relates to defendant's receipt of SSI benefits, he merely claims that his sentence should have been more lenient because he is "disabled." He provides no details regarding his disability, and, at the very least, it is his burden to do so. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). Furthermore, a defendant's disability is only one of many factors that courts may consider in sentencing a defendant. *People v Portellos*, 298 Mich App 431, 455; 827 NW2d 725 (2012). Moreover, as discussed in greater detail below, defendant's argument completely fails to account for the gravity of the underlying offense, his criminal history, and a variety of other applicable factors. Therefore, we conclude that defendant has not sufficiently demonstrated that his sentence violates the principle of proportionality.

"The United States Constitution prohibits cruel *and* unusual punishment. US Const, Am VIII. The Michigan Constitution prohibits cruel *or* unusual punishment, Const 1963, art 1, § 16. If a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Costner*, 309 Mich App at 232 (citations and internal quotation marks omitted; emphasis by the *Costner* Court). "In determining whether a sentence is cruel or

unusual we look to the gravity of the offense and the harshness of the penalty, comparing the penalty to those imposed for other crimes in this state as well as the penalty imposed for the same offense by other states and considering the goal of rehabilitation." *People v Poole*, 218 Mich App 702, 715; 555 NW2d 485 (1996). Where "sentences are not disproportionate in relation to the crimes, they are therefore not cruel or unusual." *People v Williams (After Remand)*, 198 Mich App 537, 543; 499 NW2d 404 (1993).

In this case, the fact that defendant's sentences are not disproportionate in relation to the crimes, alone, is dispositive. *Williams*, 198 Mich App at 543. Moreover, defendant's argument on appeal is meritless. He claims that his age, 32 years old, and his disability compel a more lenient sentence. We disagree. First, defendant completely ignores the gravity of the underlying offenses in this matter. Specifically, defendant broke into a home and raped a 16-year-old girl. Second, while defendant claims that the trial court ignored his rehabilitative potential given his young age, he conveniently overlooks his status as a fourth-offense habitual offender. Specifically, defendant has six prior felony convictions, eight prior misdemeanor convictions, and four prior juvenile adjudications. And, although defendant describes a majority of these convictions as "low severity offenses," we would be remiss not to mention that defendant's "low severity" felony convictions include unlawfully driving away a motor vehicle, MCL 750.413, resisting and obstructing, MCL 750.479, third-degree fleeing and eluding, MCL 750.479a(3), third-degree home invasion, MCL 750.110a(4), and domestic violence (third offense), MCL 750.81(4). Those offenses, coupled with three misdemeanor convictions of assault and battery, MCL 750.81, and two juvenile convictions of assault and battery, certainly do not reflect the obvious rehabilitate nature that defendant relies upon on appeal. This is true without mentioning what defendant describes as his only "high severity conviction"—assault with intent to do great bodily harm less than murder, MCL 750.84. Third, defendant makes no effort whatsoever to compare the sentences imposed in this case to those imposed for similar offenses in this or other jurisdictions, and we need not do so for him. *Kevorkian*, 248 Mich App at 389. Finally, aside from pointing out that he receives SSI benefits, defendant provides no further support for his disability-related argument, nor does he explain, in any detail, why his disability entitles him to a more lenient sentence.

Accordingly, because the consecutive nature of the defendant's sentences does not violate the principle of proportionality or constitute cruel and unusual punishment, we affirm defendant's convictions and sentence.

Affirmed.

/s/ Patrick M. Meter
/s/ Colleen A. O'Brien

-3-