*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CASEY DAVID WARD,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2019

No. 339026
Kalamazoo Circuit Court
LC No. 2015-001751-FH

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Casey David Ward, appeals as of right his conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration with another person at least 13 years of age and under 16 years of age); and the denial of his motion for exemption from registration under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. We affirm defendant's conviction and sentence, but remand for correction of the presentence investigation report (PSIR).

*Other-Acts Evidence.* This case involves an incident that occurred when defendant was 17 years old, and he engaged in sexual activity with a member of his Boy Scout troop, who was 13 years old. At trial, evidence was introduced regarding other sexual acts that occurred between defendant and the victim, as well as defendant and other boys not included in the charged offense. Defendant first argues that the trial court abused its discretion by admitting the other-acts testimony pursuant to MCL 768.27a, contending that the prejudicial effect of the testimony greatly outweighed its probative value. We disagree.

Generally, we review evidentiary issues for an abuse of discretion and we review de novo preliminary questions of law regarding whether a statute or evidentiary rule applies. *People v Duenaz*, 306 Mich App 85, 98; 854 NW2d 531 (2014). We review unpreserved claims, however, for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under the plain-error rule, a defendant must establish that error occurred; that the error was plain, i.e., clear or obvious; and that the plain error affected substantial rights. *Id*.

In a criminal case in which a defendant is accused of committing a sex offense against a minor, MCL 768.27a permits admission of evidence that the defendant committed another sex offense against a minor, and this evidence is admissible "for its bearing on any matter to which it is relevant," including a defendant's propensity to commit the charged offense. *People v Watkins*, 491 Mich 450, 469-470; 818 NW2d 296 (2012). Evidence admissible under MCL 768.27a remains subject to the balancing test of MRE 403. *Id.* at 481. MRE 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice may exist "where there is a danger that the evidence will be given undue or preemptive weight by the jury or where it would be inequitable to allow use of the evidence." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). In *Watkins*, this Court identified the following illustrative factors that a trial court may consider when determining whether the probative value of other-acts evidence is substantially outweighed by the danger of unfair prejudice:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Defendant takes issue with the introduction of evidence regarding (1) three other occasions when he engaged in sexual activity with the victim and (2) reports of defendant engaging in sexual activity with other children. In this case, the trial court did not analyze the *Watkins* factors because defendant failed to object to the introduction of the other-acts evidence. We conclude that, had the trial court evaluated whether the evidence was admissible under MCL 768.27a, applying the factors set forth in *Watkins*, it would have been permissible for the trial court to find that evidence admissible.

The other acts involving defendant and the victim did tend to provide context to the charged offense and explained why the victim exposed his genitals to defendant before the charged offense occurred. Given that the other acts involved sexual contact between defendant and the victim, including touching of genitals and oral penetration with genitals, the other acts were substantially similar to the charged act. In addition, while the other acts did not occur in temporal proximity to one another, they all occurred during Boy Scout outings. The other-acts evidence also was not unduly cumulative, as defendant argues, because each event was slightly different and demonstrated the evolving sexual relationship between defendant and the victim leading up to the charged event. As a result, we conclude that the probative value of the other-

acts evidence was not substantially outweighed by the danger of unfair prejudice, and that the trial court did not plainly err in admitting the other-acts evidence.[1]

*Ineffective-Assistance of Counsel.* Alternatively, defendant argues that his counsel rendered ineffective assistance of counsel when he failed to object to the introduction of the other-acts evidence and when he introduced some of that evidence himself. We disagree.

In general, a determination whether a defendant received effective assistance of counsel "is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "This Court reviews findings of fact for clear error and questions of law de novo." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). When "there has been no evidentiary hearing and no findings of fact by the trial court, this Court reviews de novo the entire record to determine whether the defendant's trial counsel's representation constituted the ineffective assistance of counsel," *People v Rose*, 289 Mich App 499, 524; 808 NW2d 301 (2010), and this Court's review "is limited to mistakes apparent on the record," *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

To demonstrate merit in a claim of ineffective assistance of counsel, a defendant must show: (1) that the attorney made an error, and (2) that the error was prejudicial to defendant. See *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 311, 314; 521 NW2d 797 (1994). That is, first, defendant must show that defense counsel's performance fell below an objective standard of reasonableness. See *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). This Court must analyze the issue with a strong presumption that defense counsel's conduct falls within the wide range of reasonable professional assistance, and the test requires that the defendant overcome the presumption that the challenged action or inaction might be considered sound trial strategy. See *LeBlanc*, 465 Mich at 578. Second, defendant must show that, but for defense counsel's deficient performance, a different result would have been reasonably probable. See *Russell*, 297 Mich App at 715-716.

Defendant has failed to demonstrate that counsel made an error. As discussed above, the introduction of the other-acts evidence and the failure to object to that evidence neither constituted error nor fell below an objective standard of reasonableness. Even if defense counsel had objected to the other-acts evidence, the trial court could have properly determined that the other-acts evidence was admissible because the other acts involved a minor, the evidence was relevant under MCL 768.27a, and the probative value of the other-acts evidence was not substantially outweighed by the danger of unfair prejudice.

---

[1] Furthermore, we note that the trial court instructed the jury not to consider the other-acts evidence to prove defendant's propensity to commit the charged offense. Because jurors are presumed to follow their instructions, *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008), we conclude that the jury did not consider the other-acts evidence as proof of defendant's propensity to commit the charged offense.

Defense counsel's strategic questions about the other acts also induced a negative response from multiple witnesses. For example, the police detective stated that no other boys reported inappropriate sexual contact with defendant, and the victim's father admitted that he did not know what happened between his son and defendant. Furthermore, defense counsel elicited an admission from the victim that it was possible that he had these sexual experiences with someone other than defendant.[2] Although the prosecutor elicited testimony from the detective stating that others had told the detective that inappropriate sexual activity occurred between defendant and "other people," it remained a valid strategy for defense counsel to first demonstrate the negative and then demonstrate inconsistencies in the witnesses' testimony.

Yet, even if counsel erred when he failed to object to the introduction of evidence of the other acts, defendant has not demonstrated that the error was prejudicial. The prosecutor presented sufficient evidence in this case, such that a reasonable jury could find defendant guilty of the crime charged, even without the evidence of other acts. MCL 750.520d(1)(a) provides that:

> (1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:
>
> (a) That other person is at least 13 years of age and under 16 years of age.

It is uncontested that the victim was 13 years old at the time the charged conduct occurred. Furthermore, the victim testified that defendant put the victim's penis in his mouth during the charged incident. This testimony was sufficient to establish the elements of the charged offense because the victim's testimony alone can provide sufficient evidence to support a criminal sexual conduct conviction. *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016); see also MCL 750.520h. In this case, defendant has not demonstrated that, but for counsel's failure to object, a different result was reasonably probable. Therefore, we conclude that defendant was not denied the effective assistance of counsel by counsel's failure to object to the other-acts evidence or the introduction of such evidence.

*Registration Under SORA.* Defendant next argues that the trial court erred when it denied his motion for exemption from SORA registration because, under Michigan law, defendant was not more than four years older than the victim. We disagree.

We review issues of statutory interpretation de novo. *People v Costner*, 309 Mich App 220, 224; 870 NW2d 582 (2015). The purpose of statutory interpretation is to discern and give effect to the intent of the Legislature, and the Legislature's intent is expressed through the statute's plain language. When that language is "plain and unambiguous, judicial construction is neither permitted nor required." *Id.* If a statute specifically defines a term, then that definition is

---

[2] On redirect, the prosecutor elicited testimony by the victim confirming that he had the experience with defendant.

controlling. *Id*. at 225. When terms are not expressly defined in the statute, they must be interpreted based on their ordinary meaning and the context in which they are used. *Id*.

The SORA provides a procedure by which a juvenile offender may seek exemption from registration if the offender committed a "listed offense." MCL 28.723a(1). A "listed offense" means a "tier I, tier II, or tier III offense." MCL 28.722(j). A Tier III offense generally includes CSC-III. MCL 28.722(w)(*iv*). An offense does not, however, qualify as a Tier III offense if the trial court "determines that the victim consented to the conduct constituting the violation, that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and that the individual is not more than 4 years older than the victim." *Id*. In this case, the trial court found that the victim consented to the conduct and that the victim was 13 years old at the time of the offense. Those facts are not in dispute and the only issue on appeal is whether defendant was 4 years older than the victim.

In *Costner*, this Court held that the phrase "not more than four years older," as used in MCL 28.728c(14)(a)(*ii*), the section on discontinuance of SORA registration, refers to the exact age difference, not the amount of "calendar years" difference, between a defendant and the victim. *Costner*, 309 Mich App at 229-232. The same language appears and operates in the same manner in the statutory provision relevant to exemption from registration—MCL 28.722(w)(*iv*). In *Costner*, this Court specifically addressed and rejected the defendant's argument that the "calendar year" definition in MCL 8.3j should control, noting that the definitions provided in MCL 8.3j are to be used unless such construction would be inconsistent with the manifest intent of the Legislature. *Id*. at 230. This Court specified that the reference in MCL 8.3j to "calendar year" applies when another statute refers to a particular year, not *a unit or measure of time*. *Id*. In this case, as in *Costner*, given that the applicable statutory language "calls for a calculation of time, use of the definition provided in MCL 8.3j would be inconsistent with the manifest intent of the Legislature, and we will not use it." *Id*. The *Costner* Court held that the inquiry into whether the petitioner "is not more than 4 years older than the victim" uses the commonly understood definition of "year" as a measure of time. *Id*. at 231. A "year" is ordinarily understood as being 12 months in duration. See *Random House Webster's College Dictionary* (1997) (defining "year," in pertinent part, as "a space of 12 calendar months calculated from any point"). Therefore, a defendant who is even one day past the four-year eligibility limit described in MCL 28.722(w)(*iv*) is ineligible to obtain exemption from SORA registration under that statute. *Costner*, 309 Mich App at 232.

Under MCR 7.215(C)(2), "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." The principle of stare decisis requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties. *People v Robar*, 321 Mich App 106, 117; 910 NW2d 328 (2017). Despite the doctrine of stare decisis, a rule of law from a case may not be binding on a subsequent case if that case is factually distinguishable. See *id*. at 118. Here, the issue regarding whether the term "year" in MCL 28.722(w)(*iv*) refers to a calendar year is not factually distinguishable from the question presented in *Costner*. *Costner* turned on the fact that the defendant was four years and 23 days older than the victim. In this case, defendant had an even greater age difference than the defendant in *Costner*. Defendant was 4 years, 5 months, and 27 days older than the victim in this case. We conclude that defendant is not entitled to exemption from SORA registration, following the precedent set forth in *Costner*, as we are bound to do.

*Correction to PSIR.* Finally, defendant argues that he is entitled to a correction of the terminology used in his PSIR. We agree.

Generally, we review preserved challenges to the trial court's decision on the accuracy of the PSIR for an abuse of discretion. *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008).

At the time of sentencing, either party may challenge the accuracy or relevancy of information contained in the PSIR. MCL 771.14(6). There is a presumption that the information contained in the PSIR is accurate unless the defendant raises an effective challenge. *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997).

Here, defendant challenged the use of the term "Cub Scouts" rather than "Boy Scouts," in the PSIR. The Cub Scouts involve younger boys than the Boy Scouts, and the punitive consequences of molesting younger individuals are more severe. The Department of Corrections relies on the information contained in the PSIR to make critical decisions regarding a defendant's status. *Uphaus*, 278 Mich App at 182. Therefore, it is important that the PSIR accurately reflect the sentencing judge's determination regarding the information contained in the report. *Id*.

At sentencing, the parties and the trial court agreed that reference to the Cub Scouts was inaccurate. The trial court found that "this was not a Cub Scout activity. That makes it look worse than it is, obviously." Nevertheless, defendant's PSIR erroneously indicated in multiple places (specifically, pages 6 and 7) that the incident involved Cub Scouts. Defendant is entitled to a correction of the PSIR.

We affirm defendant's conviction and sentence in part and remand to the trial court for the ministerial task of correcting defendant's PSIR and forwarding a corrected copy to the Department of Corrections.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle