*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DYLAN TAYLOR MISIEWICZ,

        Defendant-Appellant.

UNPUBLISHED
April 30, 2019

No. 339326
Kent Circuit Court
LC No. 16-005460-FH

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant, Dylan Taylor Misiewicz, appeals by leave granted[1] a trial court order entered March 13, 2017, denying his request to amend his sentence to eliminate the requirement to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. We reverse and remand.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to one count of attempted third-degree criminal sexual conduct in violation of MCL 750.520d(1)(a), a tier-three offense under SORA generally requiring registration on the sex-offender registry, MCL 28.722(w)(*iv*). In advance of sentencing, defendant filed a "Petition for Removal From the Sex Offender Registry," in which he argued that he met the statutory requirements for avoiding registration on the sex-offender registry under MCL 28.728c(14)(a), commonly known as the "Romeo and Juliet" provision. He alleged that he

---

[1] Defendant filed a delayed application for leave to appeal in this Court, which the Court denied. *People v Misiewicz*, unpublished order of the Court of Appeals, issued September 29, 2017 (Docket No 339326) (SHAPIRO, J., would have granted leave to appeal). Defendant then filed an application for leave to appeal this Court's denial in the Michigan Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the matter to this Court for consideration as on leave granted. *People v Misiewicz*, 501 Mich 1034 (2018).

and the victim were engaged in consensual sexual activity, the age difference between them was no more than four years, and the victim was between the ages of 13 and 16 at the time of the sexual activity. Defendant requested that the trial court hold a hearing on his petition.

The prosecution did not respond to the petition, and the trial court did not hold the hearing requested by defendant, but the court acknowledged defendant's petition at his sentencing hearing. See MCL 28.723a (requiring the trial court to hold a hearing only if the prosecuting attorney disputes the defendant's allegations). Defense counsel informed the trial court that the prosecution "take[s] no objection or position on this," that "[t]hey have met with the victim, and [that] they have determined that it was consensual activity." Because defendant met the requirements for SORA's consent exception for teenaged offenders, defense counsel submitted that MCL 28.722(w)(*iv*)[2] did not require registration. The prosecuting attorney did not state any disagreement with the defense counsel's contention and expressly declined the trial court's offer "to be heard." The trial court noted that neither the victim nor anyone else was present in the courtroom. The court proceeded with sentencing and denied defendant's petition to avoid registration, ostensibly because defendant was on probation for a different offense.

Subsequent to the denial of his petition, defendant moved to amend his sentence, alleging that the trial court should remove him from the sex-offender registry pursuant to MCL 28.728c(14)(a), and that the trial court's initial decision to require registration did not comply with MCL 28.722(w)(*iv*). The Chief Appellate Attorney of the Kent County Prosecutor's Office responded that defendant "appears to be correct on the merits" and that the trial court was required to grant the requested relief because "it appears he meets the minimal qualifications" under MCL 28.728c(14). The prosecutor admitted that the trial court's "initially stated reason, that [d]efendant's history with 15-year-old victims was concerning, is not a reason under the statute to deny relief" and that, if there was no proper reason to deny the requested relief, "to avoid the time and expense of an application for leave to appeal where the People would have to concede error, the People have no objection to the Court remedying the error at this time . . . ."

Following a hearing on defendant's motion, the trial court issued a written opinion in which it denied the motion based on its finding that "the sexual conduct between [v]ictim and [d]efendant was *not* consensual." In support of this finding, the trial court referred to the victim's statement during her interview with the probation department that she was "gullible and swayed by [defendant's] words[,]" and to the victim's "subsequent psychological problems." The court opined that "[s]uch damage would not have occurred had [d]efendant's conduct truly been consensual," and although the victim "may have been aware of it and did not object to it at

---

[2] MCL 28.722(w)(*iv*) does not require registration

if the court determines that the victim consented to the conduct constituting the violation, that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and that the individual is not more than 4 years older than the victim. [MCL 28.722(w)(*iv*).]

the time, [she] was coerced and manipulated into the sexual conduct." Defendant contends on appeal that the record facts do not support the trial court's finding of fact that the sexual contact between defendant and the victim was not consensual.

## II. STANDARD OF REVIEW

This Court reviews for clear error a trial court's findings of fact regarding a defendant's petition for removal from the sex-offender registry. See *People v Hesch*, 278 Mich App 188, 192; 749 NW2d 267 (2008). "A decision is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). We review de novo issues of statutory interpretation. *People v Costner*, 309 Mich App 220, 224; 870 NW2d 582 (2015).

## III. ANALYSIS

"MCL 28.728c(14) allows for an individual to be removed from the sex-offender registry if the underlying conviction involved a consensual sexual act during a so-called 'Romeo and Juliet' relationship," *Costner*, 309 Mich App at 225. MCL 28.728c states in pertinent part:

> (3) An individual classified as a tier I, tier II, or tier III offender who meets the requirements of subsection (14) or (15) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.

> \* \* \*

> (9) If an individual properly files a petition with the court under this section, the court shall conduct a hearing on the petition as provided in this section.

> \* \* \*

> (14) The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:

> (a) All of the following:

> (*i*) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.

> (*ii*) The petitioner is not more than 4 years older than the victim.

The Legislature intended MCL 28.728c(14) as a " 'consent exception' for certain offenders who can prove that they engaged in a consensual sexual act." *People v Temelkoski (On Remand)*, 307 Mich App 241, 255; 859 NW2d 743 (2014), reversed on other grounds 501 Mich 960 (2018); *Costner*, 309 Mich App at 238-239 (GLEICHER, J., dissenting) ("MCL 28.728c

-3-

was enacted to allow 'Romeo and Juliet' offenders to petition for reprieve from the rigors of the sex-offender registry."). Further, MCL 28.728c(14) states that the trial court "shall grant" a defendant's petition to discontinue registration where the consent exception is otherwise satisfied. This is obligatory language and this Court "should give the ordinary and accepted meaning to the mandatory word 'shall' . . . unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole.' " *In re Portus*, __ Mich App __, __; __ NW2d __ (2018) (Docket No. 337980); slip op at 9, quoting *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982). There is no indication in the statutory text of MCL 28.728c(14) that the Legislature intended the trial court to have any discretion discontinuing registration requirements where the defendant otherwise satisfies the statutory requirements of the consent exception.

The parties do not dispute that the victim was 15 years old at the time of the offense and that the 19-year-old defendant was not more than 4 years older than the victim. The only contested issue on appeal is whether defendant's conviction for attempted third-degree criminal sexual conduct "was the result of a consensual sexual act" as set forth under MCL 28.728c(14). More specifically, the issue at hand is whether the sexual contact between the two teenagers was consensual.

SORA does not define "consensual." "Unless defined in the statute, every word of the statute should be accorded its plain and ordinary meaning." *People v Maynor*, 256 Mich App 238, 241; 662 NW2d 468 (2003), citing MCL 8.3a. To determine the meaning of a word undefined by a statute, we may consult dictionary definitions. *Maynor*, 256 Mich App at 241. The pertinent meaning of "consensual" is "involving or based on mutual consent." *Merriam-Webster's Collegiate Dictionary* (11th ed), p 265. In turn, "consent" is defined as "to give assent or approval," as in to "agree." *Id*. It also means "compliance in or approval of what is done or proposed by another," or, more generally, "acquiescence." *Id*.[3]

The trial court found that the sexual conduct at issue in the present case was not consensual. We agree with defendant that the court's finding is clearly erroneous. The factual record before us is completely devoid of any basis for the court's finding. Both the investigating agent with the Michigan Department of Corrections and the prosecuting attorney agreed that the victim admitted that the sexual act was consensual and, therefore, that defendant satisfied the requirements under MCL 28.728c(14) to avoid registration. Neither the investigating agent nor the prosecution indicated in any manner that they did not believe the victim. Defendant's

---

[3] The Court has also looked at consent in the context of other criminal sexual conduct statutes. For instance, "[i]n the context of the CSC statutes, consent can be utilized as a defense to negate the elements of force and coercion." *People v Waltonen*, 272 Mich App 678, 689; 728 NW2d 881 (2006). When used as an affirmative defense, factors relevant to the existence of consent may include, but are not limited to, (1) whether the victim "was free to leave and not take part in the sexual act"; (2) whether the defendant threatens present or future injury; (3) whether the defendant uses force, violence, or coercion; or (4) whether the defendant displayed a weapon. See M Crim JI 20.27.

presence investigation report reflected that the victim "indicated the act was consensual," and that "she was not forced to participate in a sex act and did not object to it at the time."

The trial court focused on the victim's statement that she was "gullible and swayed by [defendant's] words." However, the record does not state what defendant actually said to the victim; in other words, there is no record evidence from which the trial court could conclude that defendant manipulated the victim. In addition, review of the victim's full statement demonstrates that the victim agreed to the sexual act, but may have subsequently regretted it because of the impact the resulting criminal prosecution had on her and her family. The victim's full statement reflected that her family was "very disappointed" and "lost trust" in her, which she expressly recognized was the result of her own decision.

The trial court also reasoned that manipulation by defendant was somehow evidenced "by [the victim's] subsequent psychological problems that naturally flowed from the penetration" causing "emotional disturbance," which "would not have occurred had [d]efendant's conduct truly been consensual." This was nothing more than mere speculation by the trial court, entirely unsupported by the record.

In conclusion, we agree with defendant that the trial court clearly erred in finding that the sexual conduct at issue was not consensual. The record facts support that the conduct was consensual. All other relevant requirements of MCL 28.728c having been met, the trial court was obligated to grant the relief from registration provided by the statute.[4] For this reason, we reverse the trial court's order of March 13, 2017, and remand the matter for entry of an order consistent with this decision.

Reversed and remanded. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[4] Although defendant does not present this issue in his statement of the issues, we also agree with defendant that the court should not have required defendant to register as a sex offender in the first instance. Although MCL 28.722(w)(*iv*) lists the crime to which pleaded guilty as a "Tier III offense" requiring registration, as noted elsewhere in this opinion, the statute is inapplicable if the court determines, essentially, that the requirements for the "Romeo and Juliet" exception have been met. In advance of sentencing, defendant adequately alleged that he was not required to register under SORA because the offense for which he was convicted involved consensual sexual conduct, the victim was 15 years old, and he was only 3 years, 2 months, and 10 days older than the victim. The prosecution did not oppose the petition, and the record supported the defendant's allegations. Thus, MCL 28.722(w)(*iv*) did not apply, and the trial court erred as a matter of law by requiring defendant to register.