PEOPLE v REYNOLDS

Docket No. 134478. Submitted June 3, 1992, at Grand Rapids. Decided
    July 20, 1992, at 10:10 A.M.

Michael W. Reynolds was convicted in the Kalamazoo Circuit
    Court, Philip D. Schafer, J., of violating probation imposed for
    convictions of breaking and entering an occupied dwelling with
    intent to commit a felony and of being an habitual offender,
    second offense. The court revoked probation and imposed a
    prison sentence of 5 to 22½ years for the underlying convic-
    tions. The defendant appealed.

The Court of Appeals *held:*

1. The trial court correctly denied sentence credit for time
    spent in a tether program. The defendant was not entitled to
    credit pursuant to MCL 769.11b; MSA 28.1083(2) because place-
    ment in the program was not attributable to a denial of bond
    or an inability to furnish bond. The Double Jeopardy Clauses of
    the federal and state constitutions, US Const, Am V; Const
    1963, art 1, § 15, which mandate credit for confinements
    amounting to time spent in jail, do not require a grant of credit
    to the defendant because participation in a tether program is
    not tantamount to confinement in jail.

2. Contrary to the defendant's claim, the record contained
    sufficient evidence from which a rational trier of fact could
    have concluded that the preponderance of the evidence indi-
    cated that the defendant had violated his probation.

3. The sentence imposed was proportionate to the circum-
    stances surrounding the offense and the offender. The sentence
    exceeded the recommendations of the sentencing guidelines,
    but the guidelines do not apply to habitual offenders or proba-
    tion violators.

Affirmed.

SENTENCES — PROBATION VIOLATIONS — CREDITS — PARTICIPATION IN
    TETHER PROGRAMS.

Time spent in a tether program by a defendant on probation who

REFERENCES

Am Jur 2d, Criminal Law § 525; Habitual Criminals and Subse-
    quent Offenders §§ 1-5, 30.
See the Index to Annotations under Criminal Law; Habitual Crimi-
    nals and Subsequent Offenders; Sentence and Punishment.

is subsequently found guilty of probation violation does not, upon revocation of probation, entitle the defendant, under the sentence credit statute or the Double Jeopardy Clauses of the federal and state constitutions, to credit toward a prison sentence imposed for the underlying conviction (MCL 769.11b; MSA 28.1083[2]; US Const, Am V; Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *David W. DeBack,* Assistant Prosecuting Attorney, for the people.

*James K. Jesse,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and BRENNAN and GRIFFIN, JJ.

BRENNAN, J. Following a hearing, defendant was convicted of probation violation for testing positive for THC, a chemical found in marijuana, and for driving while his license was suspended. Defendant's probation was revoked and he was sentenced to 5 to 22½ years in prison for his underlying convictions of breaking and entering an occupied dwelling with intent to commit a felony, MCL 750.110; MSA 28.305, and of being a second-felony offender, MCL 769.10; MSA 28.1082. He appeals as of right, and we affirm.

Defendant first argues that the court improperly denied him credit for time he spent in a tether program. Because defendant's participation in the tether program was not due to his being denied or unable to furnish bond for the offense of which he was convicted, he is not entitled to sentence credit under the sentence credit statute, MCL 769.11b; MSA 28.1083(2). *People v Wagner,* 193 Mich App 679; 485 NW2d 133 (1992); *People v Whiteside,* 437 Mich 188, 196; 468 NW2d 504 (1991). Moreover, we note that the Double Jeopardy Clauses of the federal and state constitutions, US Const, Am V;

Const 1963, art 1, § 15, do not mandate an award of sentence credit for the time defendant spent in the tether program. "Sentence credit under the double jeopardy clauses is only required for confinements amounting to time spent 'in jail' as that term is commonly used and understood." *Wagner, supra,* p 682, citing *Whiteside, supra,* p 202. The tether program is a restriction, not a confinement, and is not "jail" as that term is commonly used and understood.

Defendant next argues that there was insufficient evidence to establish a probation violation. The record reveals that defendant admitted driving during the time his license was suspended. Moreover, defendant tested positive for THC, even allowing for a margin of error. A prosecution witness testified that the test result was accurate. There was no evidence indicating otherwise. Viewing this evidence in a light most favorable to the prosecution, we find that a rational trier of fact would conclude that the preponderance of the evidence indicated that defendant violated his probation. *People v Ison,* 132 Mich App 61, 66; 346 NW2d 894 (1984).

Finally, defendant contends that his sentence was disproportionate. The sentencing guidelines do not apply to habitual offenders or to defendants convicted of probation violation. *People v Randolph Warner,* 190 Mich App 26, 29; 475 NW2d 397 (1991); *People v Hoffer,* 193 Mich App 624; 484 NW2d 781 (1992). However, we note that the guidelines recommended zero to eighteen months of imprisonment and defendant was sentenced to a prison term of 5 to 22½ years. The trial court tried putting defendant into substance abuse programs, confining him to short jail periods totaling nine months, and finally tried to put him in the

tether program. Despite the trial court's efforts, defendant came before the court three times, incurring five probation violations. Accordingly, we find that the sentence is proportionate to the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.