PEOPLE v WILLIAMS

Docket No. 194996. Submitted April 1, 1997, at Detroit. Decided May 13, 1997, at 9:00 A.M.

Walter T. Williams pleaded guilty in the Genesee Circuit Court of possession of less than twenty-five grams of cocaine in exchange for the prosecution's agreement to dismiss an original charge of possession with intent to deliver less than fifty grams of cocaine. The court, Donald R. Freeman, J., sentenced the defendant to five years of probation, with the first thirty days to be spent in the county jail. The court found the defendant guilty of probation violation and amended the sentence of probation to require completion of the Special Alternative to Incarceration Program (boot camp). The court again found the defendant guilty of probation violation and imposed an enhanced sentence of five to eight years of imprisonment on the basis of the defendant's prior drug-related convictions. The defendant appealed the sentence.

The Court of Appeals *held*:

1. The sentence is proportionate to the offender and the offense in light of the defendant's status as a subsequent drug offender, his plea, and the nonapplicability of the sentencing guidelines to probation violators.

2. Because the sentencing guidelines do not apply to probation violators, to habitual offenders, or to drug offenders whose sentences are enhanced because of prior drug-related convictions, the defendant's claim that there were errors in the scoring of the sentencing guidelines need not be addressed.

3. Ample evidence supports the trial court's finding that the defendant was assaultive while at boot camp, rendering without merit the defendant's claim that his sentence was based on inaccurate information.

4. The record does not support the defendant's claim of ineffective assistance of counsel.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — PROBATION VIOLATORS — HABITUAL OFFENDERS — SUBSEQUENT DRUG OFFENDERS.

The sentencing guidelines do not apply to probation violators, to habitual offenders, or to drug offenders whose sentences are

enhanced because of prior drug-related convictions; claims by such persons of inaccurate scoring of the sentencing guidelines will not be addressed on appeal.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appellate Division, and *Vikki Bayeh*, Assistant Prosecuting Attorney, for the people.

*Janice A. Furioso*, for the defendant on appeal.

Before: MARKEY, P.J., and BANDSTRA and HOEKSTRA, JJ.

PER CURIAM. Defendant pleaded guilty of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), in exchange for the prosecutor's agreement to dismiss the original charge of possession with intent to deliver less than fifty grams of cocaine. He was originally sentenced to five years' probation, with the first thirty days to be served in the county jail. After he violated probation, the trial court amended defendant's probation to include the condition that he successfully complete the Special Alternative to Incarceration (SAI or "boot camp") Program. Defendant was eventually found guilty of violating his probation for failing to complete boot camp. The trial court then sentenced him to five to eight years' imprisonment. The court subsequently denied defendant's motion for resentencing, and this Court denied defendant's motion to remand for resentencing. Defendant now appeals his sentence as of right. We affirm.

Defendant first argues that his sentence is disproportionate. We review sentences for an abuse of discretion. *People v Honeyman*, 215 Mich App 687, 697;

546 NW2d 719 (1996). A sentence constitutes an abuse of discretion if it is disproportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Milbourn* does not address the unique sentencing situation that arises, however, when a defendant pleads guilty of a charge in exchange for dismissal of other or greater charges. *People v Brzezinski (After Remand)*, 196 Mich App 253, 256; 492 NW2d 781 (1992). "Such pleas will invariably present the sentencing judge with important factors that may not be adequately embodied in the guideline variables," *People v Duprey*, 186 Mich App 313, 318; 463 NW2d 240 (1990), so departure from the guidelines is often justified on this basis, *People v Butts*, 144 Mich App 637, 640-641; 376 NW2d 176 (1985). Notably, the sentencing guidelines do not apply to sentencing for probation violations. *People v Edgett*, 220 Mich App 686, 690, 694; 560 NW2d 360 (1996).

Defendant's conviction of possession of less than twenty-five grams of cocaine is punishable by up to four years' imprisonment. MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). Because defendant had prior drug convictions, the trial court had the discretion to sentence him to a term up to twice that long under the subsequent offender provision of the controlled substances act. MCL 333.7413(2); MSA 14.15(7413)(2). In addition, "[t]he trial court is at liberty to consider defendant's actions and the seriousness and severity of the facts and circumstances surrounding the probation violation in arriving at the proper sentence to be given." *People v Peters*, 191 Mich App 159, 167; 477 NW2d 479 (1991).

Here, defendant came before the trial court three times because of two different probation violations. Regarding the second violation, defendant apparently was assaultive with the staff at boot camp and could not conform his conduct to the camp's requirements, despite the threat of incarceration should he fail to complete SAI. Although defendant spent the first twenty-nine years of his life without a criminal record, he has recently been convicted of three different drug offenses and has violated his probation twice. In light of defendant's subsequent offender status, his plea, and the fact that the sentencing guidelines do not apply to probation violators, we conclude that defendant's sentence is proportionate to the offender and the offense. *Edgett, supra; Brzezinski, supra;* see also *People v Reynolds,* 195 Mich App 182, 184-185; 489 NW2d 128 (1992). Thus, the trial court did not abuse its discretion in sentencing defendant.

Defendant next argues that he is entitled to be resentenced. He alleges that his guidelines were improperly scored and that his sentence was necessarily disproportionate because it was five to ten times greater than the guidelines' range. As discussed above, we conclude that defendant's sentence was proportionate.

More importantly, however, defendant may not challenge the scoring of his guidelines on appeal. The guidelines do not apply to probation violators, enhanced drug offenders, or habitual offenders. *Edgett, supra* at 689-691. This Court in *Edgett, supra* at 694-695, went on to conclude that when dealing with habitual offenders, "we are not to calculate an enhanced guideline range and we are not to consider the guidelines' range for the underlying offense" or

consider the guidelines as a tool, starting point, or barometer in determining proportionality. "[T]he guidelines have 'no bearing' with regard to whether an abuse [of discretion] has occurred." *Id.* at 694 This Court also held that, as a result, we will not review an habitual offender's challenge to the scoring of the guidelines because the guidelines are irrelevant. *Id.* at 694-695.

We believe that the reasoning applied in *Edgett, supra* at 694-695, although dealing only with habitual offenders, should apply with equal force to probation violators and those with enhanced sentences for subsequent drug offenses. Thus, when dealing with probation violators, subsequent drug offenders, or habitual offenders, this Court may not use the guidelines in any manner in determining whether the defendant's sentence is proportionate. *Id.* at 694. Further, defendant may not challenge the scoring of his guidelines on the underlying offense because the scoring "is of no moment" in light of the fact that we are prohibited from considering the guidelines at all. *Id.* at 694-695. Even were we to address this issue, we would find that defendant's guidelines were properly scored because there was evidence to support the trial court's determination. See *People v Elliott*, 215 Mich App 259, 260-261; 544 NW2d 748 (1996).

Defendant next argues that he is entitled to be resentenced because his sentence was based on inaccurate information, i.e., the trial court incorrectly concluded that he assaulted an officer at boot camp. He alleges that there is no evidence to support this conclusion. We hold that the trial court never made this finding. Instead, the trial court characterized defendant's behavior as "assaultive upon the officers." The

prosecutor presented ample evidence that defendant was verbally "assaultive" to everyone at the camp, including the officers. Thus, the trial court's finding was not clearly erroneous. MCR 2.613(C).

Finally, defendant argues that he was denied the effective assistance of counsel. He claims that his attorney did not visit him in jail and failed to call two favorable witnesses. Because there was no *Ginther*[1] hearing, our review is limited to mistakes apparent on the record. *People v Nantelle*, 215 Mich App 77, 87; 544 NW2d 667 (1996). Here, we find insufficient evidence on the record to verify defendant's allegations that he was denied the effective assistance of counsel.

Affirmed.

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).