# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WALTER FRANK STEENBERGH,

Defendant-Appellant.

UNPUBLISHED
March 23, 2017

No. 330071
Arenac Circuit Court
LC No. 15-003908-FC

Before: KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

STEPHENS, J. *(concurring in part and dissenting in part)*.

I agree with the majority that the trial court did not err in regards to the admissibility of nurse Threadgill's testimony under MRE 803(4). I also agree that defense counsel was not ineffective for failing to object to Threadgill's testimony based on the ground that it was inadmissible hearsay.

I respectfully disagree with the majority as to defendant's remaining ineffective assistance of counsel claim because I find that defense counsel's failure to retain or consult with a single expert witness constituted ineffective assistance of counsel.

The United States and the Michigan Constitutions guarantee a defendant the right to counsel, US Const, Am VI; Const 1963, art 1, § 20, which encompasses the right to effective assistance of counsel. *People v Meissner*, 294 Mich App 438, 459; 812 NW2d 37 (2011). "To be constitutionally effective, counsel's performance must meet an 'objective standard of reasonableness.' " *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015) quoting *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "In determining whether defense counsel met this threshold, . . . the defendant bears the burden of proving that, in view of the totality of the circumstances, counsel's performance was deficient and so serious as to deprive the defendant of a fair trial." *People v Armendarez*, 188 Mich App 61, 74–75; 468 NW2d 893 (1991). "[F]ailure to investigate adequately and to attempt to secure suitable expert assistance in the preparation and presentation of [a] defense" may constitute ineffective assistance of counsel. *Ackley*, 497 Mich at 383. While "[a]n attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy," *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009), "counsel's strategy must be sound, and the decisions as to it objectively reasonable," *Ackley*, 497 Mich at 388-389. "[A] court must determine whether the 'strategic choices [were] made after less than complete investigation,' and any choice is 'reasonable

-1-

precisely to the extent that reasonable professional judgments support the limitations on investigation.' " *Trakhtenberg*, 493 Mich at 52 quoting *Strickland v Washington*, 466 US 668, 690-691; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Hinton v Alabama*, 134 S Ct 1081, 1088; 188 L Ed 2d 1 (2014), quoting *Strickland*, 466 US at 690-691.

Failure to call a witness constitutes ineffective assistance of counsel if it deprives a defendant of a substantial defense. *Payne*, 285 Mich App at 190. "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). A defendant asserting that a substantial defense was lost by counsel's failure to secure an expert witness must offer proof that an expert witness would have testified favorably if called by the defense. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). In this case, because no supplemental hearing was held, review is limited to mistakes apparent from the record. *People v Williams*, 223 Mich App 409, 414; 566 NW2d 649 (1997). Defendant acknowledges his duty under *Ackerman* to provide proof that an expert would testify favorably, and while failing to produce an expert affidavit, instead relies on the record to establish the factual predicate for his claim of ineffective assistance.[1]

I find, that in this case, the record does support the assertion that an expert witness in clinical psychology, forensic interviewing or child memory and suggestibility, would have aided defendant and that consultation with an expert "might have made a difference in the outcome of the trial." *Kelly*, 186 Mich App at 526. The prosecution correctly notes that this is not a case where the prosecution's theory was heavily reliant on expert opinion. It was, as many CSC cases are, a case that focused on the complainant's credibility. However, the unfortunate history of the complainant who was a victim of a prior sexual assault when she was a toddler should have compelled defense counsel to consult with an expert. If counsel in *Ackley*, *supra*, who was rebuffed by one expert, should have sought a second, counsel here was ineffective for not seeking even one.

TB testified that she was the victim of a prior assault at age three or four and participated in counseling as a result. She, also, intertwined the specifics of the prior assault with the instant case. In particular, she gave testimony regarding her fear of reporting the assault because of a threat to her family but admitted that this defendant never threatened her family. Instead, she earnestly admitted that she was transferring the threat made to her when she was assaulted as a toddler to the current case. It is noteworthy that TB did not disclose any information about the assault in this case until her parents informed her of an open investigation. Shortly thereafter, the child was seen by Threadgill. Threadgill's testimony also implicates the need for expert

---

[1] Cf. *People v Davis*, 250 Mich App 357, 369; 649 NW2d 94 (2002) ("Here, defendant claims that his counsel was ineffective because counsel failed to call the codefendants, Hamill, or defendant's mother as witnesses. However, the record does not suggest how any of these witnesses would have benefited defendant's case, and defendant has not provided this Court with affidavits indicating what the proposed testimony of the codefendants or Hamill would have been.)

consultation by competent counsel. Threadgill acknowledged that she did not do a forensic interview and that she made no inquiry into any prior assault. However, the bulk of her testimony was not about the spontaneous information TB gave her, but about the child's answers to very specific questions posed to her about the details of the assault at issue. In fact, Threadgill knew nothing of a prior assault and therefore her testimony of TB's response to her questions, which elicited details not announced by TB before, made no distinction between the two assaults. Defense counsel was aware of the prior assault early on, having filed a motion for discovery for "information of the prior allegation" that was later withdrawn after defense counsel was provided the "information." We are unaware of the exact "information" he received. The record in this case is devoid of any questioning of TB or Threadgill regarding the effect of the prior assault and subsequent counseling on TB's memory.

Consultation with a clinical psychologist would have educated defense counsel about the type of counseling TB would have received at age three or four, and how TB would have processed that information. Although the first assault occurred at a very young age, TB retained memory of it. A child of three to four years of age is highly susceptible. An investigation of what TB retained from that incident or from the counseling she received thereafter would have assisted defense counsel in formulating questions to determine any effect on her memory of the instant assault. I cannot surmise under what circumstances it would be reasonable for defense counsel to not at least consult with an expert and pursue how the prior assault would complicate the details of the current assault in the mind of a young child.

There are known difficulties involved when interviewing children. *People v Tesen*, 276 Mich App 134, 144; 739 NW2d 689 (2007). "[C]hild-sexual-abuse cases present 'special considerations' given 'the reliability problems created by children's suggestibility.' " *People v Musser*, 494 Mich 337, 357; 835 NW2d 319 (2013) quoting *People v Peterson*, 450 Mich 349, 371; 537 NW2d 857 opinion amended on denial of reh 450 Mich 1212; 548 NW2d 625 (1995). Defense counsel's cross-examination of Threadgill leads me to believe that defense counsel was unaware of this issue. There was no examination into the wording of Threadgill's questions or prompts, or responses to TB's answers. There was no examination into whether Threadgill followed-up on TB's understanding of terms used by Threadgill. The suggestibility of Threadgill's questions was left unchallenged. An expert on forensic interviewing or child suggestibility would have assisted defense counsel in targeting any issues of unreliability in TB's statement to Threadgill.

The prosecution's arguments against a finding of ineffective assistance are untenable. True, defense counsel's closing focused on the inconsistencies in TB's testimony however, I cannot agree with the prosecution that the same approach would have been taken if defense counsel had consulted with or secured an expert to testify in defendant's defense. The prosecution contends that there was no need for a defense expert because Threadgill did not offer any opinion testimony that would have precipitated the need for a counter expert. Defense counsel is not limited to defensive tactics. Zealous representation incorporates offensive strategy, where counsel anticipates a case's challenges and knows its weaknesses so that he or she is prepared to meet them. Expert assistance would have advanced defendant's theory before the jury. "Had it been fortified by adequate investigation, it would have shown the weakness in the prosecutor's case, and it could have made a difference in the verdict." *People v Grant*, 470 Mich 477, 492; 684 NW2d 686 (2004). Furthermore, nowhere in the review of an ineffective

assistance of counsel claim based on the failure to engage an expert witness is defendant's claim for an expert contingent upon whether the prosecution has an expert.

Defendant's case is not like *Ackley*, *supra*, or *Agar*, *supra*, in that here no request was even made for an expert. I can find no objectively reasonable basis to have not made such a request. The lack of a request to consult or retain an expert in this case was not sound trial strategy in any form. Accordingly, I conclude that in this case counsel's failure to consult with or attempt to secure an expert witness to assist in the preparation and presentation of defendant's defense fell below an objective standard of reasonableness. The record does indicate that an expert witness would have aided defendant and that there was a reasonable probability that but for counsel's error, the result of the proceeding would have been different.

In *People v Agar*, 500 Mich 891; 886 NW2d 717 (2016)[2], our Supreme Court ordered that the defendant's case be remanded so that the defendant could offer "proof indicating how the expert's testimony would be material and favorable to the defense." In *Agar*, defense counsel was denied a request for an expert in computer forensics.[3] Our Supreme Court further directed the trial court on remand to "address in writing whether the absence of a defense expert sufficiently prejudiced the defendant such that a new trial is warranted." *Agar*, 500 Mich at ___. As with the defendant in *Agar*, I cannot, at this stage, make a finding as to whether prejudice resulted from counsel's failure sufficient to warrant a new trial. Accordingly, I would remand for further proceedings related to the retention of an expert.

/s/ Cynthia Diane Stephens

---

[2] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

[3] *People v Agar*, 314 Mich App 636; 887 NW2d 662 (2016) rev' in part and vacated in part 500 Mich 891; 886 NW2d 717 (2016).