# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

MICHAEL JAMES DYKEMA,

   Defendant-Appellant.

UNPUBLISHED
May 11, 2017

No. 332905
Kent Circuit Court
LC No. 11-011623-FC

Before: WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant, Michael James Dykema, pleaded guilty to assault with intent to rob, MCL 750.89, as part of a plea agreement and was sentenced to 5 years' probation on March 22, 2012. While on probation, defendant apparently violated two conditions of his probation, and, after holding a hearing and receiving evidence on the alleged violations, the trial court ultimately revoked his probation and sentenced him to 38 to 240 months in prison on the underlying plea-based conviction. This Court eventually granted leave to appeal, *People v Dykema*, unpublished order of the Court of Appeals, entered July 1, 2016 (Docket No. 332905); *People v Dykema*, unpublished order of the Court of Appeals, entered July 25, 2016 (Docket No. 332905), and we now affirm.

On appeal, defendant first argues that there was insufficient evidence to support the trial court's conclusion that he did, in fact, violate two conditions of his probation. We disagree.

This Court reviews a defendant's sufficiency-of-the-evidence claim de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). When reviewing a defendant's sufficiency-of-the-evidence claim with respect to an alleged probation violation, this Court views the evidence presented before the trial court in a light most favorable to the prosecution to determine whether a rational trier of fact could have found, by a preponderance of the evidence, that the defendant violated a condition of his or her probation. *People v Reynolds*, 195 Mich App 182, 184; 489 NW2d 128 (1992). It is the prosecution that bears the burden of proving an alleged probation violation by a preponderance of the evidence. *People v Breeding*, 284 Mich App 471, 483; 772 NW2d 810 (2009). When reviewing a defendant's sufficiency-of-the-evidence claim, this Court defers to the factfinder's determination with respect to the weight and credibility of the evidence presented. *Id*. at 487.

-1-

Defendant first takes issue with the trial court's determination that he violated the condition of his probation that required him to obtain "written permission" before changing his residence. Both before the trial court and again on appeal, defendant admits that he did, in fact, change his residence while on probation. It also appears undisputed that there is no written permission regarding such a change in the lower-court record. Consequently, there was sufficient evidence to support a conclusion that defendant violated this condition of his probation. While we acknowledge defendant's argument that he was given non-written permission to change his residence, that argument makes little difference because, under the express terms of his probation, *written* permission was required. Furthermore, a probation officer who testified at defendant's probation-violation hearing disputed whether permission was granted, and that dispute represents a credibility determination that was better-suited for the factfinder to decide.

Defendant also takes issue with the trial court's determination that he violated the condition of his probation that prohibited him from "engag[ing] in assaultive, abusive, threatening, or intimidating behavior." This alleged violation was premised on various allegedly threatening comments that defendant had admittedly made on Facebook. On appeal, defendant asserts that these comments represented expressions of frustration and stress, not actual threats. However, our review of the record reflects that these Facebook comments included, among other things, statements regarding beating people to death, murdering "petty asses," and warning others to watch their backs "because you just got a target marked on you." While we appreciate the difficulty in determining an actor's mental state, we ultimately find no error in the trial court's determination that, while some of the comments may not have been assaultive, abusive, threatening, or intimidating in nature, several were based on the fact that multiple people discontinued contact with defendant as a result of the statements. Indeed, probation conditions are permitted to impact fundamental rights such as freedom of speech, see, e.g., *United States v Hughes*, 964 F2d 536, 542 (CA 6, 1992), and we discern no error, especially when the comments discussed above are viewed in a light most favorable to the prosecution, with the trial court's determination that these comments did, in fact, constitute impermissible threatening behavior.

Defendant additionally argues on appeal that, assuming he did actually violate the conditions of his probation, his 38-month minimum sentence is not proportional to the alleged violations. We disagree.

This Court reviews a defendant's claim that his or her sentence is not proportional, which essentially reflects an argument that it is unreasonable, for an abuse of discretion. *People v Steanhouse*, 313 Mich App 1, 44-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016). A sentence may constitute an abuse of discretion when it violates the principles of proportionality as set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Id*. In situations where a minimum sentence is within the applicable guidelines range, this Court must affirm that sentence unless the guidelines range was incorrectly scored or the trial court relied on inaccurate information. *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). Once a defendant's probation is revoked, a trial court is permitted to sentence the defendant in the same manner and to the same penalty as it would have had the probation order not been entered. MCL 771.4.

Applying those rules to the facts of this case, we conclude that the sentence imposed by the trial court upon the revocation of defendant's probation fulfills the principles of proportionality. Defendant's argument on appeal implies that the sentence imposed by the trial court is not proportional to the alleged probation violations, but that argument does not adequately address whether it is, in fact, proportional to the underlying conviction, which arose out of the armed robbery of a gas-station clerk. Indeed, the minimum sentence imposed by the trial court, 38 months, was well within the minimum guidelines range of 27 to 45 months, and defendant makes very little effort to overcome the presumption that such a guidelines sentence is reasonable. Therefore, we conclude that no error occurred.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien