*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ABDI SALIM ABDI,

Defendant-Appellant.

UNPUBLISHED
February 21, 2019

No. 340666
Mecosta Circuit Court
LC No. 17-008936-FH

Before: METER, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of second-degree home invasion, MCL 750.110a(3), and larceny of property worth $200 or more but less than $1,000, MCL 750.356(4)(a). Defendant was sentenced to 8 months and 15 days in jail for the larceny conviction and two years' probation for the home invasion conviction. He now appeals as of right. We affirm.

This case arises from the theft of a PlayStation 4 (PS4) gaming console, video games, and PS4 controllers from the residence of James Frederick sometime between July 1 and July 3, 2016. It was apparent to both Frederick and the officers that the point of entry was a window in the back of the house that was not properly closed. Officers found four recent sets of fingerprints on the outside of the window, one set of which matched defendant's fingerprints. Frederick and the other residents of the house denied knowing defendant.

Frederick's PS4 was not discovered during a search of defendant's residence, although the residence did contain several other PS4 units. Defendant told an officer that he did not know

Frederick and he could not explain why his fingerprints would be on the window.[1] Defendant told police that he was in Bay City the weekend of July 1 through 3. Officers attempted to contact the friend whom defendant stated he was with in Bay City, but the individual could not be reached because the number defendant provided was busy or out of service. Subsequently, a search warrant was executed for defendant's phone records, which showed that defendant's cell phone "pinged"[2] a cell tower near Frederick's residence on July 2, 2016.

At trial, Frederick and his three housemates denied knowing defendant and denied ever giving defendant permission to enter their residence. Contrarily, defendant testified that he knew Frederick and had been to his residence "more than ten times" to purchase marijuana from him. Defendant testified that when he had previously gone to the residence, he would knock on the window where his fingerprints were found and someone would open the door. If no one answered the door, he would cup his hands against the window and "peek to see if [Frederick]'s there." Regarding his statement to police that he had been in Bay City, defendant testified, "I believe I was in Bay City this week . . . and I was in Bay City. But, I didn't know . . . I didn't tell him exact dates."

Following his conviction, defendant filed a motion in the trial court for an evidentiary hearing and/or a new trial based on ineffective assistance of counsel. Defendant asserted that his defense counsel was ineffective in failing to call witnesses on his behalf, particularly named witnesses that defendant claimed "would have provided the jury with information that the victim in the case was not being truthful" about whether he knew defendant. After a hearing, the trial court denied the motion.

Defendant now argues that the trial court abused its discretion in denying his motion for an evidentiary hearing in connection with his ineffective assistance of counsel claim. We disagree.

A trial court's decision to deny a motion for an evidentiary hearing is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). An abuse of discretion exists if the results are outside the range of reasonable and principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). A trial court should grant a defendant's request for an evidentiary hearing if the defendant establishes that his ineffective assistance claim depends on facts not in the record. See *People v Ginther*, 390 Mich 436, 443, 445; 22 NW2d 436 (1973). However, a defendant is not entitled to a *Ginther* hearing if he or she fails to "demonstrate[] any issue for which further factual development would advance his [or her] claim." *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009); see also

---

[1] At trial, defendant admitted that he lied to the police about not knowing why his fingerprints could have been on the window because he was scared that the investigation was in relation to defendant's purchasing drugs at the residence.

[2] Cell phones "ping" the nearest cell tower when being used, which allow police to accurately detect location and movement of cell phones.

*People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (noting that "[the] defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel").

In his motion for an evidentiary hearing, defendant claimed that

he provided to his counsel names of witnesses to assist in his defense. These witnesses, [defendant] avers, would have seriously undercut the veracity of the complainant's testimony as he would have been impeached. . . . The victim in the case claimed he did not know [defendant] and there would be no reason why his fingerprints would be on the window. The witnesses for [defendant] would have verified that the victim did, in fact, know [defendant] and was simply lying.

Attached to the motion was an affidavit signed by defendant that listed six witnesses. Next to the witnesses' names, defendant briefly explained his connection to each witness and that he believed each witness would testify that defendant and the victim had a prior relationship. However, no affidavits from the witnesses were included. The trial court, which sat as the trier of fact during the trial, denied the evidentiary hearing on the ground that evidence of the alleged prior relationship would not have been of any benefit or resulted in a different outcome because the convictions were primarily dependent on the fingerprint and cellphone evidence. Under these circumstances, because defendant failed to establish the factual predicate underlying his request for an evidentiary hearing, the trial court did not abuse its discretion when it denied defendant's motion. See *Hoag*, 460 Mich at 6.

Moreover, notwithstanding the trial court's denial of defendant's motion for an evidentiary hearing, his ineffective assistance of counsel claim lacks merit. This Court's consideration of defendant's ineffective assistance of counsel claim is limited to errors apparent on the record, as no *Ginther* hearing was held. *People v Williams*, 223 Mich App 409, 414; 566 NW2d 649 (1997).

In claiming that he was deprived of the effective assistance of counsel, defendant is burdened in showing (1) that his defense counsel's "performance was deficient" and (2) that "the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Defendant's argument fails on both prongs.

Defense counsel's decision to call witnesses is considered trial strategy. *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994). "We will not second-guess counsel on matters of trial strategy, nor we will [sic] assess counsel's competence with the benefit of hindsight." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). As defendant has made no showing that defense counsel's decision to not call the witnesses listed in defendant's affidavit was unsound trial strategy, defendant has failed to show that counsel's performance was deficient.

Further, "[i]n order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to call these witnesses deprived him of a substantial defense." *Daniel*, 207 Mich App at 58. "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569

(1990). Defendant was not denied a substantial defense by defense counsel's failure to call the witnesses. Defendant contends that the witnesses would have testified that defendant and the victim had a prior relationship. However, the trial court articulated at the hearing on the motion that this alleged prior relationship did not negate the evidence supporting defendant's convictions. Therefore, defendant failed to demonstrate that he was prejudiced by defense counsel's performance.

Affirmed.


/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Thomas C. Cameron