*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARTELL JUAN MOORE,

        Defendant-Appellant.

UNPUBLISHED
October 1, 2019

No. 344801
Wayne Circuit Court
LC No. 17-010953-01-FH

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (victim under 13 years of age, defendant 17 years of age or older).[1] Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment. Defendant appeals as of right, and we affirm.

Defendant's CSC-II conviction arises from the sexual assault of his stepdaughter. The victim, who was 12 years old at trial, testified that a few years earlier, while her mother was away at work, she and her younger sister were lying in bed with defendant. Defendant then proceeded to rub the victim's back before rubbing the victim's buttocks. The victim testified that, while defendant put his hand under her pajama pants, his hand was over her underwear. Afterward, defendant repeatedly told the victim not to tell anyone about the incident. At trial, the victim also testified about other instances of alleged sexual misconduct. However, the jury acquitted defendant of the charges that arose from those other instances.

At sentencing, the parties agreed that there was a factual mistake in the presentence investigation report (PSIR) because defendant did not have prior CSC convictions, which the

---

[1] The jury, however, acquitted defendant of another count of CSC-II (victim under 13 years of age, defendant 17 years of age or older), one count of assault with intent to commit CSC-II, MCL 750.520g(2), and one count of accosting a child for immoral purposes, MCL 750.145a.

PSIR reported. Beyond the factual discrepancy, the parties agreed that the PSIR and sentencing information report (SIR) were accurate. The parties also agreed that defendant's offense variable and prior record variable scores were correctly scored, which resulted in a minimum sentencing guidelines range of 58 to 228 months. The trial court sentenced defendant, as a fourth-offense habitual offender, to a mandatory minimum sentence of 25 years' imprisonment under MCL 769.12(1)(a).

## I. DEFENDANT'S BRIEF ON APPEAL

In his brief on appeal, defendant raises several issues related to his sentencing. As explained below, we find that none of the arguments has any merit.

## A. PROPORTIONALITY

Defendant argues that his sentence is disproportionate because his minimum sentence of 25 years is outside the minimum sentencing guidelines range of 58 to 228 months. We disagree.

The proportionality of a defendant's sentence is reviewed for an abuse of discretion. *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *People v Lowery*, 258 Mich App 167, 172; 673 NW2d 107 (2003).

While a trial court must score and consider the sentencing guidelines, the minimum sentencing guidelines range is advisory only. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). In reviewing a sentence for reasonableness, this Court reviews "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990)," which requires that a sentence be proportionate to the offender and the seriousness of the offense. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). Further, "[i]f a statute mandates a minimum sentence . . . , the court shall impose sentence in accordance with that statute," and imposing such a mandatory minimum sentence is not considered a guidelines "departure." MCL 769.34(2)(a).

MCL 750.520c(2)(a) provides that a conviction for CSC-II is punishable by up to 15 years' imprisonment. Further, defendant's minimum sentencing guidelines range was 58 to 228 months. However, because defendant was a fourth-offense habitual offender, he was subject to a 25-year mandatory minimum sentence under MCL 769.12(1)(a).[2] "Legislatively mandated sentences are presumptively proportional and presumptively valid." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011). "In order to overcome the presumption that the sentence

---

[2] As already noted, a mandatory minimum sentence is not considered a deviation from the sentencing guidelines. MCL 769.34(2)(a). Indeed, under *People v Payne*, 304 Mich App 667, 672; 850 NW2d 601 (2014), when a 25-year mandatory minimum sentence is greater than the calculated guidelines range, the 25-year term is considered the de facto pertinent guidelines range, where the "range" is a single length of imprisonment. Thus, defendant's statutory minimum sentence is considered a within-guidelines sentence.

is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

On appeal, defendant does not identify any unusual circumstances that would make his 25-year minimum sentence disproportionate. Instead, he compares this sentence to the 20-year mandatory minimum sentence the Supreme Court struck down for a first-time offense of selling *any* amount of marijuana. See *People v Lorentzen*, 387 Mich 167; 194 NW2d 827 (1972). However, the selling of any quantity of marijuana does not compare to the sexual assault of a minor under the age of 13. The latter is by far the more egregious and repugnant crime. As this Court has explained:

> The perpetration of sexual activity by an adult with a preteen victim is an offense that violates deeply ingrained social values of protecting children from sexual exploitation. Even when there is no palpable physical injury or overtly coercive act, sexual abuse of children causes substantial long-term psychological effects, with implications of far-reaching social consequences. The unique ramifications of sexual offenses against a child preclude a purely qualitative comparison of sentences for other offenses to assess whether the mandatory 25-year minimum sentence is unduly harsh. [*People v Benton*, 294 Mich App 191, 206; 817 NW2d 599 (2011).]

Accordingly, because defendant has failed to present any unusual circumstances that would render the 25-year minimum sentence disproportionate, his claim of a disproportionate sentence fails.

Likewise, defendant's claim that his sentence constitutes cruel or unusual punishment also fails. We review this unpreserved, constitutional aspect of his claim for plain error affecting substantial rights. *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016).

"The United States Constitution prohibits cruel and unusual punishment. US Const, Am VIII. The Michigan Constitution prohibits cruel or unusual punishment, Const 1963, art 1, § 16." *People v Costner*, 309 Mich App 220, 232; 870 NW2d 582 (2015). Thus, "[i]f a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011) (quotation marks and citation omitted). But a sentence that is proportionate does not constitute cruel or unusual punishment. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). As already discussed, defendant's 25-year minimum sentence is proportionate to the offender and the seriousness of the offense. Thus, defendant has failed to prove the existence of any plain error.

## B. OFFENSE VARIABLE (OV) 4

Defendant argues that the trial court erred when it assessed 10 points for OV 4. We disagree.

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). At sentencing, defendant did not argue that OV 4 was incorrectly assessed 10 points. Indeed, defendant waived this issue because defendant explicitly agreed that the scoring of all the OVs was correct. Defendant's explicit agreement regarding the scoring of the OVs, including the assessment of 10 points for OV 4, extinguished any error. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

## II. DEFENDANT'S STANDARD 4 BRIEF

### A. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence for the jury to convict him of CSC-II. We disagree.

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

Defendant was convicted of CSC-II under MCL 750.520c(2)(b), "which required the jury to find that he had 'engage[d] in sexual contact with' the victim who was 'under 13 years of age' when he was '17 years of age or older.' " *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016), quoting MCL 750.520c(1)(a) and (2)(b) (alteration in original). " 'Sexual contact' means 'the intentional touching of the victim's . . . intimate parts . . . if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . .' " *DeLeon*, 317 Mich App at 719, quoting MCL 750.520a(q). "Intimate parts" include a person's "primary genital area, groin, inner thigh, buttock, or breast . . . ." MCL 750.520a(f). "[W]hen determining whether touching could be reasonably construed as being for a sexual purpose, the conduct should be viewed objectively under a reasonable person standard." *DeLeon*, 317 Mich App at 719-720 (quotation marks and citation omitted).

The jury convicted defendant of the first count of CSC-II. During jury instructions, the trial court stated that the first count of CSC-II involved defendant's touching of the victim's buttocks, including the clothing that covered the victim's buttocks. At trial, the victim testified that defendant rubbed her buttocks under her pajamas, but over her underwear. The "victim's testimony alone can provide sufficient evidence to support a conviction." *Id*. at 719; see also MCL 750.520h. In addition, defendant sent a text message to the victim's mother, in which he apologized for his conduct. While defendant testified that he did not sexually assault the victim and that his apology was for some other unrelated conduct, the jury credited the victim's

testimony that defendant had assaulted her.[3]  "We will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses."  *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation marks and citation omitted).  Moreover, when reviewing the sufficiency of the evidence, all conflicts in the evidence are to be resolved in favor of the prosecution.  *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 174 (2016).  Because the victim testified that defendant touched her buttocks, there was sufficient evidence for the jury to determine that defendant intentionally touched the victim's intimate parts.  Additionally, a rational jury could reasonably conclude that defendant's intentional touching of the victim's intimate parts under her pajamas was "for the purpose of sexual arousal or gratification" or that the touching was "done for a sexual purpose."  Therefore, there was sufficient evidence for the jury to convict defendant on this count of CSC-II.

## B.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that defense counsel was ineffective for failing to move for a directed verdict given the jury's acquittal of counts two through four.  We disagree.

To properly preserve an ineffective assistance of counsel claim, a defendant must move for a new trial or a *Ginther*[4] hearing in the trial court.  *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).  Because defendant did not move for a new trial or a *Ginther* hearing, this issue is unpreserved, and our review is for mistakes apparent on the record.  *People v Williams*, 223 Mich App 409, 414; 566 NW2d 649 (1997).

The determination of whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and law.  *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).  The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo.  *Id*.

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise."  *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001).  To succeed on a claim of ineffective assistance of counsel, "a defendant must establish that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks and citation omitted).  The question of whether counsel performed reasonably is "an objective one and requires the reviewing court to 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' "  *Id*. at 670, quoting *Strickland v Washington*, 466 US 668, 690; 104 S Ct

---

[3] Defendant's text message read in part, "I just want you to know that I truly apologize, and this is a mistake that I can never live down, and that I never meant to bring you so much pain and heartache. . . .  I've apologized numerous times.  You think this is fun for me?  I have nothing to live for, nothing to breathe for[—]nothing.  Going to jail, I'm better off dead."

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

2052; 80 L Ed 2d 674 (1984). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52. "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant argues that defense counsel should have moved for a directed verdict of acquittal, given the jury's verdict of acquittal of three of the four charges against defendant. However, defense counsel's failure to move for a directed verdict did not fall below the objective level of reasonableness.

Similar to the standard for the sufficiency of the evidence, when ruling on a motion for a directed verdict of acquittal, the trial court must view the prosecution's evidence, at the time the motion was made, in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Vincent*, 455 Mich 110, 121; 565 NW2d 629 (1997). As discussed earlier, there was sufficient evidence, in the form of the victim's testimony, to allow the jury to conclude that defendant had committed CSC-II when he touched the victim's buttock. Accordingly, defendant's motion for a directed verdict of acquittal as to this count properly would have been denied, and counsel's failure to make such a motion does not constitute ineffective assistance. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

## C. "INCONSISTENT" JURY VERDICTS

Defendant next argues that his CSC-II conviction must be vacated because the jury's verdicts for conviction of one count of CSC-II and acquittals of the other charged counts were inconsistent and had no rational explanation. We disagree. Generally, "[t]his Court reviews de novo questions regarding inconsistent verdicts, which are constitutional issues." *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012).

"Under Michigan law, each count of an indictment is regarded as if it were a separate indictment . . . ." *Id*. The first count of CSC-II was predicated on defendant's touching of the victim's buttocks. The second count of CSC-II was predicated on defendant's alleged touching of the victim's genital area. See MCL 750.520c(2)(b). The count of assault with intent to commit CSC-II was predicated on defendant's alleged attempt to touch the victim's breasts. See MCL 750.520g(2). The count of accosting a child for immoral purposes was predicated on defendant's alleged inducement or encouragement of the victim to engage in an act of gross indecency, depravity, or delinquency. See MCL 750.145a. After the trial court's instructions to the jury regarding the elements of each charged crime, the trial court instructed the jury, "You may find the defendant guilty or not guilty of all, or not guilty, or guilty of any one, or any combination of those crimes."

Defendant's argument fails because, unlike in a bench trial, a jury may render inconsistent verdicts under Michigan law. *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142

(2003); *People v Putman*, 309 Mich App 240, 251; 870 NW2d 593 (2015); *Russell*, 297 Mich App at 722. Moreover, the verdicts, because they dealt with distinct and different events, were not truly "inconsistent." Inconsistent verdicts are ones in which the verdicts cannot be "rationally reconciled." *Ellis*, 468 Mich at 27. Here, the verdicts easily can be rationally reconciled. The jury determined that there was not proof beyond a reasonable doubt that defendant committed the acts underlying counts two through four but that sufficient and credible evidence existed to support conviction of the one count of CSC-II. The events making up the allegations in counts two through four took place at different times and places than the events that made up the allegations in count one. In other words, because the jury found that the elements of CSC-II had been satisfied with regard to defendant touching the victim's buttock, it does not necessarily follow that the jury had to find (or should have found) that defendant had committed the other *unrelated* charged acts. Thus, the premise of defendant's argument—that there were inconsistent verdicts—is not accurate.

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel