*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 4, 2021

Plaintiff-Appellee,

v

No. 352861
Washtenaw Circuit Court
LC No. 16-000798-FH

ROLA SAMIR KOLAILAT,

Defendant-Appellant.

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and RICK, JJ.

PER CURIAM.

Defendant, Rola Samir Kolailat, appeals as of right the trial court's order revoking her probation and sentencing her to serve 10 months in jail for aggravated stalking, MCL 750.411i. On appeal, defendant argues, *in propria persona*, that the trial court erred when it denied her motion for reconsideration, when it revoked her probation, and when it imposed a "one-year" jail sentence. We affirm.

## I. BACKGROUND

In May 2017, a jury found defendant guilty of aggravated stalking. The case arose from a violation of a personal protection order (PPO). The PPO prohibited defendant from having contact with the victim, who was defendant's former girlfriend, as well as the victim's minor children. At trial, the prosecutor presented evidence that defendant created a fake online-dating account and tried to cultivate a relationship with the victim. The trial court sentenced defendant to serve six months in jail and five years of probation. The trial court ordered that defendant's jail sentence would be served at the end of her probation or would be suspended upon the successful completion of probation. One condition of defendant's probation was that defendant was to have no contact with the victim or her minor children. Defendant appealed her conviction of aggravated stalking, and this Court affirmed that conviction. See *People v Kolailat*, unpublished per curiam opinion of the Court of Appeals, issued May 8, 2018 (Docket No. 339742).

Over the next few years, the trial court found defendant guilty of violating her probation on four occasions and sentenced defendant to jail three times. According to the available record, the trial court found defendant guilty of violating the no-contact condition of her probation

multiple times. Beginning in the summer of 2018, the trial court also made it a condition of defendant's probation that she complete a Moral Recognition Therapy (MRT) program. Defendant filed a motion to cancel the MRT requirement, arguing that the program was "intended for offenders not like Defendant and its approach is tailored to Western thinkers, which Defendant is not." The trial court denied the motion. When defendant had not completed the program by June 2019, the trial court held a show-cause hearing. Defendant did not appear, and the trial court issued a bench warrant. Defendant filed an ex-parte "motion for reconsideration" in the trial court, arguing that it should retract the warrant and accept an "MRT Completion Certificate." Defendant argued that she completed an MRT program and that the probation agent "waited 3 months to inform defendant that the MRT program defendant took did not meet probation criteria." Defendant alleged that she told the probation agent which MRT program she was taking and that the agent did not object to defendant's program choice. The trial court denied defendant's motion. Defendant filed a claim of appeal of that order, which this Court dismissed for a lack of jurisdiction. See *People v Kolailat*, unpublished order of the Court of Appeals, entered August 13, 2019 (Docket No. 349715).

In January 2020, after defendant was arrested on the bench warrant, the trial court held another probation-violation hearing. Probation Agent Lillian Gist alleged five counts against defendant. Defendant conceded that she had failed to appear at the June 2019 show-cause hearing, and that she had failed to report to her probation agent for many months. Agent Gist testified that, in violation of a probation condition, defendant submitted altered paystubs. Defendant, testifying on her own behalf, admitted that she sent an e-mail to probation stating that she refused to share her actual paystubs with probation for various reasons. Agent Gist also testified that defendant did not timely complete an MRT program. According to Agent Gist, defendant indicated on multiple occasions that she was not going to complete an MRT program as required by the conditions of her probation. Although defendant testified that she had completed an MRT program, Agent Gist testified that she told defendant on multiple occasions that the particular program that defendant claimed to have completed was not an approved program. Finally, Agent Gist alleged that defendant violated the no-contact condition of her probation when she created a Snapchat account and sent a message to one of the victim's minor children. Agent Gist testified that defendant had told her multiple times that she would not stay away from the victim's minor children.

The trial court accepted defendant's guilty pleas for failure to appear and failure to report. As to the MRT program, the trial court found that the probation agent never approved the program that defendant allegedly completed and that defendant had failed to complete the program as required. As to defendant's alleged violation of the no-contact condition, the trial court weighed the possibility that the Snapchat account was falsified but discredited that theory because defendant had violated the no-contact condition on previous occasions. The trial court sentenced defendant to serve 10 months in jail.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred in "following probation's recommendation and in dismissing her motion for relief from judgment." Defendant appears to

argue that the trial court erred in denying her motion for reconsideration of its issuance of the June 2019 bench warrant, that insufficient evidence supported the revocation of her probation, and that her 10-month sentence was not proportional to her conviction.

First, to the extent that defendant argues that the trial court erred when it denied her June 2019 motion for reconsideration, we note that an appeal of this order is not timely under MCR 7.204(A)(2)(c) and also that the trial court's order denying the motion was not a final order that is appealable to this Court under MCR 7.203(A)(1) and MCR 7.202(6)(b).

Second, we conclude that sufficient evidence supported the trial court's revocation of probation. To revoke probation,

> A trial court must base its decision that a probation violation was proven on verified facts in the record. The evidence, viewed in a light most favorable to the prosecution, must be sufficient to enable a rational trier of fact to find a probation violation by a preponderance of the evidence. Where resolution of a factual issue turns on the credibility of witnesses or the weight of evidence, deference is given to the trial court's resolution of these issues. [*People v Breeding*, 284 Mich App 471, 487; 772 NW2d 810 (2009) (citations omitted).]

At the probation-violation hearing, Agent Gist testified that defendant did not submit paystubs as required by the conditions of her probation. As to the requirement that defendant complete an MRT program, Agent Gist testified that defendant failed to complete a required program and that she never approved the program that defendant claims to have completed. As to the no-contact condition, Agent Gist testified that defendant contacted the victim's child through Snapchat. Agent Gist also read from the police report that described the incident. Even if we were to assume that the probation officer and the prosecutor lied to the trial court—an assumption without support in the record—defendant pleaded guilty to failing to appear and failing to report. Viewing the evidence in the light most favorable to the prosecutor, the trial court could have reasonably found that defendant violated the terms of her probation. See *People v Reynolds*, 195 Mich App 182, 184; 489 NW2d 128 (1992).

Third, we conclude that defendant has waived her arguments regarding the proportionality of her sentence. Defendant is required to provide this Court "with a record to verify the factual basis of any argument upon which" a request for reversal is predicated. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Defendant did not provide her presentence investigation report or numerous other transcripts requested by this Court. Therefore, defendant has waived any challenge to the proportionality of her sentence.

Affirmed.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Michele M. Rick